(No. 39280.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* ALLEN BRASFIELD, Appellant.

*Opinion filed November 14, 1966.*

GEORGE D. KARCAZES, of Chicago, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and JAMES B. VELDMAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

A jury in the criminal court of Cook County found Allen Brasfield guilty of unlawfully possessing narcotics, and he was sentenced to imprisonment for a term of 5 to 8 years. In *People* v. *Brasfield,* 28 Ill.2d 518, we affirmed that conviction holding the narcotics there introduced in evidence had not been illegally seized.

Defendant then filed a *pro se* petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1963, chap. 38, par. 122—1 *et seq.*), and the State moved for its dismissal as

insufficient to require an evidentiary hearing. After argument thereon, at which defendant was represented by the public defender, the court allowed the motion to dismiss. The propriety of this action is now before us for review.

Both defendant and the State have briefed and orally argued this matter as though a plenary hearing had been held upon the post-conviction petition. It seems clear, however, that dismissal by the trial court was predicated upon its belief that the allegations of the petition were insufficient to require a hearing upon the merits of any questions of constitutional dimensions.

The petition alleges four grounds for post-conviction relief. It is said that defendant's "conviction was procured on evidence obtained as a direct incident of an unlawful arrest." This, however, is the precise issue with which we dealt in the original appeal, and our decision there is *res judicata. People* v. *Ashley,* 34 Ill.2d 402, 410.

The three other allegations assert that the conviction was secured through the use of perjured testimony known to be such by the State's Attorney, and that the jury was thereby denied the opportunity to hear and evaluate evidence pertinent to the issue of guilt or innocence. These conclusionary allegations, standing alone, would be insufficient to necessitate a hearing upon their merits. (*Ashley,* pp. 410-411.) However, there was filed with the petition a "Statement of Facts" purporting to set forth the occurrences at the trial which give rise to the allegations of "perjured testimony". Reference thereto discloses the essence of petitioner's claim to be that there was some variance between the testimony of officer Brown, one of the arresting officers, at the pretrial hearing on the motion to suppress the narcotics and the testimony given on the trial. Petitioner argues his trial counsel attempted to establish this variance by questioning regarding the earlier testimony, but an objection thereto by the State was sustained. In this fashion, says petitioner, did the State preclude the jury from hearing the truth.

Recognizing the problem posed by failure to raise the alleged error in the earlier appeal, defendant seeks to avoid the application of our rule which precludes consideration here of claims which could have been argued on the direct review of the conviction (*Ashley*, p. 408). He states the original appeal was concerned only with the trial, and did not encompass the motion to suppress. That such was not the case is apparent from the opinion of this court therein and the fact that a complete transcript of both proceedings was then before us. It would, therefore, suffice to hold the present argument barred by the waiver rule. However, the charge that the State knowingly used perjured testimony is a most serious one, and, while unnecessary, we have examined in detail the record of the original trial proceedings, which were incorporated in this record, in order to determine whether there is any substance to the claim.

The record is clear that defendant was arrested by three police officers, all of whom testified at the hearing on the motion to suppress and at the trial. Defendant's arrest was occasioned by information from an informer and by the fact that as the three police officers left their squad car defendant was seen by them to throw away a packet subsequently ascertained to contain narcotics. Officer Brown's testimony at the hearing on the motion to suppress follows:

"A. Yes. I got out of the car and my partners David Parker and Dan Daniels got out of the car; three of us got out of the car.

Q. What happened then?

A. We proceeded to walk up to these gentlemen, at which time I saw Mr. Brasfield flip a tinfoil package over his head which hit a wire fence and bounced to the sidewalk.

Q. How far were you from the defendant when you observed this?

A. Approximately four feet or less.

Q. And did you have occasion to see this package again?

Did you take the package or anything?

A. My partner Dan Daniels picked the package up from the sidewalk and opened it up."

At the trial he testified as follows:

"A. We got out of the squad car and started to approach Mr. Brasfield and Mr. Cooney. At this time, when we were approximately three or four or five feet away from him, I seen Mr. Brasfield flip a piece of tinfoil with his right hand directly to the side of him.

Q. How did he flip it?

A. Just in a backward position.

Q. With his hand?

A. Yes.

Q. Which hand was that?

A. Pardon?

Q. Which hand was that?

A. The right hand, sir.

Q. What happened then, if anything?

A. The piece of tinfoil hit the wire in the cyclone fence and fell to the sidewalk, at which time it was picked up by my partner, Dan Daniels."

No attempt was made at the trial to cross-examine officer Brown regarding the discrepancy in his testimony, and it is obvious that such variation as existed could never justify a charge of knowingly using perjured testimony. The other officers testified defendant flipped the packet "backward" and that it struck the fence and came to rest on the sidewalk, and no complaint is made as to variance in their testimony at the two hearings. The differences in the descriptions by officer Brown of the packet-throwing episode are at most minor discrepancies clearly not indicative of perjury, and the variance between his testimony and that of the other officers was not significantly different from that which is frequently to be found in the testimony of several witnesses who testify as to the same occurrence. Any error in the evidentiary ruling is not of constitutional dimension.

The circuit court of Cook County was correct in allowing the motion to dismiss. Its judgment is affirmed.

*Judgment affirmed.*