(No. 40944.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* HAZEN CRAIG, Appellant.

*Opinion filed September 24, 1968.*

WARD, J., took no part.

BURTON E. GLAZOV and DAVID L. SHAW, both of Chicago, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General and ELMER C. KISSANE and RICHARD TRAIS, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

After a jury trial in the circuit court of Cook County, the defendant, Hazen Craig, was found guilty of robbery and on November 7, 1963, he was sentenced to a term of not less than three nor more than ten years in the penitentiary. On appeal his conviction was affirmed by the appellate court. (*People* v. *Craig*, 75 Ill. App. 2d 29.) In that appeal defendant contended that he did not receive a fair trial, alleging that the prosecutor's closing argument was improper; that the testimony of a prosecution witness was improper; that the cross-examination of a prosecution witness was improperly restricted; and that several statements of the trial judge to the jury were improper.

Following the appellate court decision affirming his conviction, the defendant, on January 12, 1967, filed a post-conviction petition *pro se,* alleging that the State's Attorney had knowingly introduced false and perjured testimony and that his court-appointed counsel had incompetently represented him. On January 30, 1967, the public defender of Cook County entered his appearance representing the defendant in the post-conviction proceedings. On February 2, 1967, the State filed a motion to dismiss the post-conviction petition, alleging that defendant's petition failed to raise any constitutional questions; that any allegations which might be construed as raising such constitutional questions are merely bare allegations unsupported by facts; and that petitioner's allegations are barred by the doctrine of *res judicata* on the basis of the appellate court's decision affirming defendant's conviction.

The hearing on the State's motion to dismiss was held on June 5, 1967, at which time the prosecutor amplified his objections to the petition. The only statement on behalf of the defendant made to the court by the public defender is as follows:

"Your Honor, having carefully read the petition and the State's motion to dismiss, I am satisfied that the Appellate Court took cognizance of most of the points raised in it and that those points which were not specifically decided, that is the point covering the incompetency of counsel would have been noted by the Appellate Court had any such incompetency been present.

"I am satisfied that the Appellate Court opinion is res adjudicata on everything he raised in his petition." Following this statement by the assistant public defender the trial court granted the State's motion to dismiss the petition. We granted defendant leave to appeal from the order dismissing his petition and he now contends that he did not have effective representation at the hearing on the motion to dismiss his petition and that his petition was improperly dismissed.

Our examination of the record reveals that defendant is correct in his contention that he did not receive adequate representation with respect to his petition. In *People* v. *Slaughter,* 39 Ill.2d 278, 285, we discussed the Post-Conviction Hearing Act and emphasized that, in light of those provisions calling for the appointment of counsel and for the amendment or withdrawal of petitions (Ill. Rev. Stat. 1967, chap. 35, pars. 122—4 and 122—5), "the statute contemplated that the attorney appointed to represent an indigent petitioner would consult with him either by mail or in person, ascertain his alleged grievances, examine the record of the proceedings at the trial, and then amend the petition that had been filed *pro se,* so that it would adequately present the prisoner's constitutional contentions."

Here the record indicates that the assistant public de-

fender neither communicated with the defendant with regard to the allegations contained in his *pro se* petition, nor made any attempt whatsoever to resist the State's motion to dismiss, nor did he seek to amend the *pro se* petition. Such representation, or lack of it, is contrary to the intent of the Post-Conviction Hearing Act as discussed in *Slaughter*.

The State, however, appears to argue that the post-conviction petition was nevertheless defective and incapable of amendment and no error occurred in dismissing the petition and, therefore, no useful purpose would be served by remandment. Here we have before us only defendant's *pro se* petition with its obvious legal inadequacies and the acquiescence of the public defender in its dismissal. While we express no opinion on the possible merit of petitioner's claim, the briefs on this appeal indicate that some of his contentions are at least arguable.

The order of the trial court dismissing the post-conviction petition is accordingly reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.