(No. 41405.—▮▮▮▮▮▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JAMES R. GARRISON, Appellant.

*Opinion filed September 26, 1969.*

THOMAS W. ALVEY, JR., of East St. Louis, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and ROBERT H. RICE, State's Attorney, of Belleville, (FRED G. LEACH, Assistant Attorney General, and JOHN M. KARNS, JR., Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE WARD delivered the opinion of the court:

The defendant, James Garrison, entered a plea of guilty in the circuit court of St. Clair County in July of 1964 to an indictment charging him with burglary. He was sentenced to the penitentiary for a term of 8 to 12 years.

On May 19, 1967, the defendant, referring to a post-conviction petition he stated he had filed in the circuit court on May 12, 1965, moved for the appointment of counsel, because, among other reasons, "he recognizes that his pending petition is insufficient and needs amending." The petition of May, 1965, is not in the record and no comment concerning it appears. On June 2, 1967, the petitioner, acting *pro se,* filed a petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38, par. 122—1 *et seq.*) which he described as an "amended" petition. On or about August 4, 1967, no action apparently having been taken on his motion for the appointment of counsel, the defendant filed a motion asking that the proceedings on the petition be expedited, and in this motion he again requested the appointment of an attorney. Counsel was appointed for him apparently on November 9, 1967. It appears that no answer or other response to the petition was ever filed by the State, though an answer or motion to dismiss is required by the Act. (Ill. Rev. Stat. 1967, ch. 38, par. 122—5.) An order denying the defendant's petition was entered on April 2, 1968. The order recited that counsel for both sides had appeared and that argument had been heard.

The defendant's only argument is that his representation in the post-conviction proceedings was so seriously deficient that he was deprived of the assistance of counsel to which

he was entitled under the terms of the Post-Conviction Hearing Act. The argument claims, among other things, that the defendant's attorney never consulted with him concerning his later denied petition.

Discussing the responsibilities imposed on an attorney appointed to represent an indigent petitioner under the Post-Conviction Hearing Act we said in *People v. Slaughter,* 39 Ill.2d 278 at p. 285: "To the end that the complaints of a prisoner with respect to the validity of his conviction might be adequately presented, the statute contemplated that the attorney appointed to represent an indigent petitioner would consult with him either by mail or in person, ascertain his alleged grievances, examine the record of the proceedings at the trial and then amend the petition that had been filed *pro se,* so that it would adequately present the prisoner's constitutional contentions. The statute can not perform its function unless the attorney appointed to represent an indigent petitioner ascertains the basis of his complaints, shapes those complaints into appropriate legal form and presents them to the court."

The Post-Conviction Hearing Act provides for the appointment of counsel for indigent petitioners and, unless proper representation is afforded, the appointment of an attorney is but an empty formality. To give benefit of counsel plainly requires the appointed attorney to discuss the grievances of a petitioner with him. (See: *People v. Craig,* 40 Ill.2d 466; *People v. Ford,* 40 Ill.2d 440; *People v. Barnes,* 40 Ill.2d 383; *People v. Wilson,* 40 Ill.2d 378; *People v. Tyner,* 40 Ill.2d 1; *People v. Slaughter,* 39 Ill.2d 278.) A failure to confer is, in a typical appointment, a failure to observe even a minimal professional standard.

Here, the defendant claims that his attorney never conferred with him. The record does not affirmatively show this but neither does it show that there was a consultation. Significantly, we judge, the State does not deny the strenuously made claim of the defendant. Viewing these circumstances

and the record we must conclude that the defendant did not have the benefit of a conference. We consider that our expression in *People* v. *Smith,* 40 Ill.2d 562, is not contrary to this holding. It does not appear that the defendant in *Smith* claimed that his attorney did not communicate with him. To affirm the dismissal of the petition on the narrow ground that it does not affirmatively appear from the record here that there was a failure to communicate, would be under the circumstances pure formalism.

This court is concerned because of demonstrated inadequacies in the representation of petitioners in the trial courts. Those courts have the important responsibility of reviewing claims of deprivation of constitutionally assured rights. In that process it is the duty of the court to insure that the record reflects prior consultation between the petitioner and his attorney.

The judgment of the circuit court is reversed and the cause is remanded for the appointment of new counsel and for such further proceedings as may be appropriate.

*Reversed and remanded, with directions.*