(No. 42596.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
ISIAH LYONS, JR., Appellant.

*Opinion filed September 22, 1970.*

WARD, J., took no part.

THOMAS CASSIDY, of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago,

(JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and JAMES A. FELDMAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Isiah Lyons, Jr., prosecutes this appeal from a judgment in the circuit court of Cook County, dismissing, on motion of the State, his *pro se* petition filed pursuant to the Post-Conviction Hearing Act. Ill. Rev. Stat. 1967, ch. 38, par. 122—1 *et seq.*

In 1964, petitioner was convicted of murder and sentenced to the penitentiary for a term of from 40 to 50 years. On direct appeal to this court we affirmed. (*People* v. *Lyons,* 36 Ill.2d 336.) On May 28, 1968, petitioner filed a *pro se* post-conviction petition, contending that various trial errors of constitutional dimension acted to deny him a fair trial. The public defender was appointed to represent petitioner in this cause. On July 22, 1968, the State filed a motion to dismiss, contending that the petition failed to raise any substantial constitutional questions within the purview of the Post-Conviction Hearing Act, and that the doctrine of *res judicata* barred review of petitioner's claims. Thereafter, on six occasions, the cause was continued on motion of petitioner's counsel. On June 22, 1969, when the matter came on for hearing, the court inquired of the attorneys if they were ready to proceed on the motion to dismiss. The State answered ready. However, the public defender stated "As I say, your Honor, I am not prepared to go ahead on this case." The court then heard the State's argument on the motion to which the public defender made no reply. The motion was allowed and the petition dismissed.

This appeal followed (petitioner being represented by counsel other than the public defender), wherein it is claimed that petitioner was not provided adequate representation in the post-conviction proceeding.

In *People* v. *Slaughter,* 39 Ill.2d 278, we held at 285, "To the end that the complaints of a prisoner with respect to the validity of his conviction might be adequately presented, the statute [Post-Conviction Hearing Act] contemplated that the attorney appointed to represent an indigent petitioner would consult with him either by mail or in person, ascertain his alleged grievances, examine the record of the proceedings at the trial and then amend the petition that had been filed *pro se,* so that it would adequately present the prisoner's constitutional contentions. The statute can not perform its function unless the attorney appointed to represent an indigent petitioner ascertains the basis of his complaints, shapes those complaints into appropriate legal form and presents them to the court." On numerous occasions since *Slaughter,* we have reiterated that philosophy. See *People* v. *Hawkins,* 44 Ill.2d 296; *People* v. *Watson,* 43 Ill.2d 108; *People* v. *Garrison,* 43 Ill.2d 121; *People* v. *Jones,* 43 Ill.2d 160; *People* v. *Tyner,* 40 Ill.2d 1; *People* v. *Wilson,* 40 Ill.2d 378; *People* v. *Barnes,* 40 Ill.2d 383; *People* v. *Craig,* 40 Ill.2d 466; see also Supreme Court Rule 651, 43 Ill.2d R. 651.

In this case over a year had passed from the filing of the petition to the hearing on the motion. During that time the cause was continued six times on motion of petitioner's counsel and at the hearing all that counsel stated was that he was not ready to proceed. In *People* v. *Garrison,* 43 Ill.2d 121 at 124, we expressed our concern "because of demonstrated inadequacies in the representation of petitioners in the trial courts." Following *Garrison,* we amended our rules to provide that the record in post-conviction proceedings filed in our court affirmatively show "that the attorney has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional right, has examined the record of the proceedings at the trial, and has made any amendments to the petition filed *pro se* that are necessary for an adequate presentation of petitioner's

contentions." (Rule 651(c), 43 Ill. R. 651.) We are now no less concerned. Having been continually advised by petitioner's counsel that he was not prepared on the petition, it would be the responsibility of the hearing court to inquire of him as to the cause for the delay in preparation and reflect the causes therefor in the record. If counsel had failed in meeting his responsibilities under *Slaughter,* then new counsel should have been appointed so that the cause could effectively proceed to disposition. If counsel had communicated with petitioner and reviewed the record of proceedings resulting in conviction but was unable to prepare a proper or amended petition, the court might then be justified in dismissing the petition. In either event, however, we could be assured that petitioner's rights had been preserved.

Accordingly, we reverse the judgment of the circuit court of Cook County, and remand for appointment of new counsel and such further proceedings as may be appropriate.

*Reversed and remanded, with directions.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.