(No. 43298.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
JOE JONES, Appellant.

*Opinion filed May 21, 1971.*

Morton Zwick, Director of Defender Project, (Thomas E. Greenland, of counsel,) for appellant.

William J. Scott, Attorney General, of Springfield, and Robert H. Rice, State's Attorney, of Belleville, (Fred G. Leach and Thomas J. Immel, Assistant Attorneys General, and William Poston, Assistant State's Attorney, of counsel,) for the People.

Mr. Justice Ward delivered the opinion of the court:

The petitioner, Joe Jones, entered a plea of guilty in the circuit court of St. Clair County on January 17, 1966, to a charge of voluntary manslaughter and was sentenced to a term of from 15 to 20 years in the penitentiary. On September 30, 1968, the petitioner, acting *pro se,* filed a petition under the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1967, ch. 38, par. 122—1 *et seq.*) In addition to requesting the appointment of counsel the amateurishly drawn and ambiguous petition charged that the petitioner's trial counsel had been incompetent and that due process had been violated by the trial court's failure to order, on its own motion, a competency hearing for the petitioner. On the State's motion the circuit court of St. Clair County on July 10, 1969, dismissed the petition without an evidentiary hearing. The petitioner has appealed directly to this court. Ill. Rev. Stat. 1969, ch. 110A, par. 651(a).

The petitioner complains that his representation in the post-conviction proceedings fell short of the standard of assistance of counsel to which he was entitled under the Post-Conviction Hearing Act. It is argued that the appointed attorney apparently never consulted with him con-

cerning his petition, as the decisions of this court require. (See *People* v. *Garrison,* 43 Ill.2d 121 ; *People* v. *Slaughter,* 39 Ill.2d 278.) The People make no claim that a consultation was had but they argue that the failure of the petitioner's attorney to claim unequivocally the absence of a conference should be ground for denying relief.

Although it cannot be clearly said from the record whether counsel did confer with the petitioner, we consider we must reverse the judgment of dismissal. The record does not show that counsel was appointed to represent the petitioner as he had requested. The record does show that an assistant Public Defender appeared at the hearing on the State's motion to dismiss the petition. However, the attorney simply read passages from the unamended *pro se* petition, which, to adopt the somewhat worn description of uncounted opinions, had been inartfully drawn, and requested an evidentiary hearing.

We said in *People* v. *Garrison,* 43 Ill.2d 121, 123 : "The Post-Conviction hearing Act provides for the appointment of counsel for indigent petitioners and, unless proper representation is afforded, the appointment of an attorney is but an empty formality. To give benefit of counsel plainly requires the appointed attorney to discuss the grievances of a petitioner with him. [Citations.] A failure to confer is, in a typical appointment, a failure to observe even a minimal professional standard." Under the circumstances we cannot say with confidence that the petitioner had the character of legal assistance our decisions require.

In *Garrison,* we observed in a clearly resembling situation : "To affirm the dismissal of the petition on the narrow ground that it does not affirmatively appear from the record here that there was a failure to communicate, would be under the circumstances pure formalism." (43 Ill.2d 121 at 124.) To insure the petitioner's proper assistance of counsel the cause will be remanded for the appointment of counsel.·

The petitioner also urges that on remand a special prosecutor, who apparently would have to be a special State's Attorney, be appointed to represent the People. However, not knowing whether after remand and the appointment of counsel there would be complaints addressed against the State's Attorney because of his past representation of the petitioner and, if so, what their character would be, we judge it would be premature for us to consider this question.

Another contention of the petitioner is that on remand the cause should be reassigned to another judge since the judge below was the same judge who presided at the petitioner's trial and because the judge was a potential witness in the post-conviction proceeding. In *People* v. *Wilson,* 37 Ill.2d 617, 621, it was said: "While ordinarily a change of venue in a post-conviction proceeding is not absolute, we think that in certain circumstances a trial judge should recuse himself when it appears that he may be biased or may be a potential witness." However, the record does not suggest, much less reveal, bias on the part of the trial judge nor does it appear that he will be a witness at any post-conviction hearing. See *People* v. *Newell,* 41 Ill.2d 329, 333-334.

For the reasons given, the judgment of the circuit court of St. Clair County is reversed and the cause is remanded for the appointment of counsel and for such further proceedings as may be appropriate.

*Reversed and remanded, with directions.*