(No. 44211.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. ISAIAH BROWN, Appellant.

*Opinion filed September 20, 1972.*

JOHN F. NICHOLS, Illinois Defender Project, of Springfield, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and BASIL G. GREANIAS, State's Attorney, of Decatur (FRED G. LEACH, Assistant Attorney General, of counsel), for the People.

MR. JUSTICE WARD delivered the opinion of the court:

This appeal is from the dismissal in the circuit court of Macon County of a petition filed by Isaiah Brown under the Post-Conviction Hearing Act. Ill.Rev.Stat. 1969, ch. 38, par. 122—1 *et seq.*

The only contention the petitioner, an indigent, makes here is that he was denied the effective assistance of counsel through the inadequate representation afforded by the attorney appointed for him by the circuit court in the post-conviction proceeding.

In the *pro se* petition which was originally filed the only claim of constitutional violation made was that the trial court improperly refused to suppress as evidence

certain weapons found in the trunk of the petitioner's auto, which, the petitioner contended, violated his rights under the fourth and fourteenth amendments to the constitution of the United States. Arguing that this question had been decided by the appellate court against the petitioner, the State moved to dismiss the petition on the ground that the matter was *res judicata.*

A hearing on the petition and the motion to dismiss was held on December 29, 1970. The record shows that at the opening of the hearing, the petitioner's attorney obtained permission "to make a brief representation." Counsel then told the court that on September 18, 1970, he had written to the petitioner advising that he had been appointed to represent him. The attorney said he notified the petitioner of the State's motion to dismiss, and asked the petitioner if he had any additional grounds for his petition. On September 25, 1970, the attorney stated that he received a reply, in which the petitioner said: "*** the grounds mentioned in my petition are the only ones that I understand to be a violation against my constitutional rights." The attorney then informed the court that he had received another letter from the petitioner that very morning, in which the petitioner wrote: "I feel I have other grounds that I could rely on but they're in the court records concerning my first post-conviction hearing, a lot of errors and violations against my constitutional rights were abused [*sic*] in that hearing."

The attorney then told the judge he was joining in the State's Attorney's motion to dismiss and he remarked: "I gather from this that the petitioner's reliance is upon the grounds mentioned in his petition, that is, the illegal search and seizure of his automobile trunk in which the stolen guns were found. As to any other errors that there might be, I understand he's telling me they were reviewed in the first post-conviction hearing. I don't know if he has filed more than one of these or not. But at any rate I cannot get anything specific out of him other than the search and

seizure question. I have examined the opinion of the Fourth District Appellate Court on the appeal in this matter, in which the search and seizure question was raised to that Court. They specifically passed on it, and held that the discovery of the stolen merchandise in the trunk was not a violation of his rights, and therefore that having been specifically passed on before, I must agree with the motion of the People in this case that he has no right to have it re-litigated by this court when the Appellate Court has already heard it fully and passed on it."

An examination of the record of the post-conviction proceedings which has been filed in this court shows that it does not meet the record requirements set out in our Rule 651(c). (Ill.Rev.Stat. 1969, ch. 110A, par. 651(c).) Rule 651(c) provides in part: "The record [of the post-conviction proceedings] filed in this court [on appeal] shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional right, has examined the record of the proceeding at the trial, and has made any amendments to the petition filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." This provision of Rule 651(c), as described in the Committee Comments to the Rule, "was added in 1969 to implement the decisions of the court with respect to the responsibilities of an attorney representing an indigent prisoner in a post-conviction proceeding. [Citations.]" (50 Ill.2d R. 651.) In *People v. Slaughter, 39 Ill.2d 278, 285,* which shortly preceded the promulgation of the discussed provisions of the rule, we observed: "To the end that the complaints of a prisoner with respect to the validity of his conviction might be adequately presented, the statute contemplated that the attorney appointed to represent an indigent petitioner would consult with him either by mail or in person, ascertain his alleged grievances, examine the record of the proceedings at the trial and then

amend the petition that had been filed *pro se*, so that it would adequately present the prisoner's constitutional contentions."

Without considering the necessity of a consultation with the petitioner concerning the contents of the letter received by the attorney on the morning of the hearing, it is clear there is nothing in the record to show that appointed counsel examined the record of the petitioner's trial proceedings. The State does not dispute this but first replies that there is nothing to indicate that counsel did not examine the trial record. There is no merit to this reply, for Rule 651(c) explicitly requires a showing that counsel has examined the trial record.

The State's second reply is that even if the attorney did not examine the trial record, "such a reading by counsel would have not been of any benefit to the defendant," the State reasoning that "all trial error and matters arising from that record were either *res judicata* or waived as the appeal was taken by other than trial counsel."

It is, of course, generally correct that claims which were or could have been presented on direct appeal may not later be raised in a petition for post-conviction relief. (*People v. Kamsler, 40 Ill.2d 532.*) But the State's assumption that all trial errors would be *res judicata* or waived is gratuitous. To illustrate, this court, if fundamental fairness requires, may not permit the doctrine of waiver to be invoked in post-conviction proceedings on appeal. (*People v. Hamby, 32 Ill.2d 291, 294.*) Too, the purpose underlying Rule 651(c) is not merely formal. It is to ensure that all indigents are provided proper representation when presenting claims of constitutional deprivation under the Post-Conviction Hearing Act. (See *People v. Garrison, 43 Ill.2d 121, 124.*) The fulfillment of this design would not be encouraged were we to ignore the rule's nonobservance in those cases appealed to this court.

For the reasons given, the judgment of the circuit

court of Macon County is reversed and the cause is remanded for further proceedings consistent with the views we have here expressed.

*Reversed and remanded.*