THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JACK EUGENE LAMPSON, Defendant-Appellant.

(No. 71-210;

Third District—November 22, 1972.

Bruce Stratton, of Defender Project, of Ottawa, for appellant.

Donald C. Woolsey, State's Attorney, of Galesburg, for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is an appeal from an order of the circuit court of Knox County dismissing defendant's Petition for a Post-Conviction Hearing.

The defendant, Jack Lampson was charged with the crime of possession of burglary tools. He entered a plea of guilty and was sentenced to a term of one to two years. On March 27, 1971 he filed a *pro se* Petition for Post-Conviction Hearing. On March 30, 1971 the People filed a Motion to Dismiss, counsel was appointed for defendant, and after a hearing on the Motion the court dismissed the Petition.

The defendant contends that there was a failure to comply with S.Ct. Rule 651 (c) in that there is no showing that his appointed counsel consulted with defendant. The merits of defendant's *pro se* Petition are not at issue on this appeal.

The last sentence of Rule 651 (c), 43 Ill.2d R.651 (c) was aided in 1969 to implement the decisions[1] of the Supreme Court with respect to the responsibilities of an attorney representing an indigent prisoner in a post-conviction hearing. It reads, "The record * * * shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional right, has examined the record of the proceedings at the trial, and has made any amendments to the petition filed *pro se* that are necessary for an adequate presentation of petitioner's contentions."

While the Rule does not so provide the Supreme Court has stated that it is the duty of the trial court to insure that the record reflects prior consultation between the petitioner and his attorney. *People v. Garrison, infra.*

Here, the record does not contain any required showing, the State has made no effort to obtain a certificate of appointed counsel (See *People v. Harris,* 50 Ill.2d 31, 276 N.E.2d 327), so we must conclude that the defendant did not have the benefit of the required representation by counsel. (Also see *People v. Brown* (1972), 52 Ill.2d 227, 287 N.E.2d 663.)

The judgment of the Circuit Court is reversed and the cause is remanded for the appointment of new counsel and for such further proceedings as may be appropriate.

Reversed and remanded with directions.

STOUDER, P. J., and ALLOY, J., concur.

---

[1] *People v. Slaughter,* 39 Ill.2d 278, 285; *People v. Garrison* 43 Ill.2d 121; *People v. Jones,* 43 Ill.2d 160. (Error to dismiss on the pleadings where no showing of consultation even though the *pro se* Petition itself fails to present a substantial constitutional claim.)