THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ELI WILSON, Defendant-Appellant.
First District (3rd Division)   No. 83—2207

Opinion filed March 20, 1985.

---

James J. Doherty, Public Defender, of Chicago (Kathleen M. McGinnis, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, David A. Cuomo, and Beth Herndobler, Assistant State's Attorneys, of counsel), for the People.

JUSTICE RIZZI delivered the opinion of the court:

Defendant appeals from an order of the circuit court of Cook County sustaining the State's motion to dismiss his *pro se* petition for post-conviction relief. Defendant contends that this was error because his counsel had not read the trial transcript and did not file a certificate in accordance with Supreme Court Rule 651(c) (87 Ill. 2d R. 651(c)).

The record shows that defendant and two codefendants were found guilty of murder after a bench trial, and sentenced to 30-year terms of imprisonment. These judgments were affirmed on direct appeal. (*People v. Patterson* (1981), 102 Ill. App. 3d 844, 430 N.E.2d 574.) Following that affirmance defendant filed a *pro se* petition for post-conviction relief (Ill. Rev. Stat. 1983, ch. 38, par. 122—1 *et seq.*), alleging that he had been denied his constitutional rights to the effective assistance of counsel at trial and on appeal; and, further, that his conviction was obtained in violation of his due process rights.

Defendant's petition was filed on May 5, 1982, and the State responded with a motion to dismiss about one month later, asserting that defendant's petition was legally insufficient and that the doctrines of *res judicata* and waiver barred review. The memorandum of orders shows that six continuances were granted to the defense over the course of the following year, and a hearing on the motion was finally held on August 16, 1983.

At that time appointed defense counsel requested another continuance based on a telephone conversation which she had with a private attorney informing her that he might take the case; the court, how-

ever, denied the motion. The State then requested the court to sustain its motion to dismiss, and after further argument, the motion was allowed. At that point defense counsel informed the court that she had not read the transcript of defendant's trial; but the court reminded her that everyone had been told the last time that there would be no more continuances and reasserted its order of dismissal.

Defendant now appeals from that judgment, contending that the court erred in dismissing his petition because he did not receive adequate representation on his petition. The State maintains that defendant waived his right to appeal the issue by failing to provide an adequate record; and, in the alternative, that the trial court properly dismissed the petition because it was meritless on its face.

The Post-Conviction Hearing Act (hereafter Act) provides that counsel be appointed to represent indigent persons who request counsel (Ill. Rev. Stat. 1983, ch. 38, par. 122–4); however, unless that representation is proper, the appointment is but an empty formality. (*People v. Garrison* (1969), 43 Ill. 2d 121, 251 N.E.2d 200.) To further the goal of providing adequate representation in the presentation of claims under the Act, the supreme court amended its rules to provide that the record affirmatively show that the petitioner's attorney has consulted with petitioner to ascertain his contentions of deprivations of constitutional rights, examined the record of the trial proceedings, and has made any amendment to the petition necessary for adequate presentation of petitioner's contentions. (87 Ill. 2d R. 651(c); *People v. Lyons* (1970), 46 Ill. 2d 172, 263 N.E.2d 95.) Compliance with the rule may be demonstrated by the filing of a certificate, or be established from the record itself. *People v. Bennett* (1980), 82 Ill. App. 3d 596, 403 N.E.2d 50.

■ In the instant case the record shows that counsel was appointed to represent defendant on his petition; however, it also shows that counsel failed to comply with the directives cited above. The only correspondence of record between counsel and petitioner during the year that transpired from the filing of the petition and dismissal consists of two form letters. One letter advised defendant that his case had been continued in August 1982, and the other notified him that his petition had been dismissed, then outlined the steps to be taken if he wanted to pursue an appeal. Moreover, defense counsel expressly told the court that she had not examined the trial transcript, and no amendments were made to defendant's *pro se* petition. Under these circumstances, we find that defendant did not receive the benefit of counsel as contemplated by the Act. *People v. Terry* (1970), 46 Ill. 2d 75, 262 N.E.2d 923.

Although we understand the court's reluctance to grant another continuance in light of the six which had preceded it, we believe that the dismissal was inappropriate when considered in light of the underlying purpose of the rule to insure proper representation on these petitions for indigent defendants. (See *People v. Brown* (1972), 52 Ill. 2d 227, 287 N.E.2d 663.) In a case involving similar facts, the supreme court suggested that the trial court determine the reasons for the delay and make them of record; and, if counsel failed to meet his responsibilities, that new counsel be appointed so that the case could effectively proceed to disposition. (*People v. Lyons* (1970), 46 Ill. 2d 172, 175, 263 N.E.2d 95.) We believe this procedure would have been an appropriate remedy in the case at bar.

The State urges, however, that the dismissal be affirmed because the petition was meritless on its face, and because the same result would occur on remand under section 122—2.1(a) of the Act (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—2.1(a)). We disagree.

The supreme court has held that where a *pro se* post-conviction petitioner has not been provided adequate representation, it was error to dismiss his petition on the pleadings even though the petition fails to present a substantial constitutional claim. (*People v. Jones* (1969), 43 Ill. 2d 160, 251 N.E.2d 218, and cases cited therein.) That court has also held that where a petitioner was not permitted to file an amended petition, the sufficiency of the petition cannot be considered. (See *People v. Ford* (1968), 40 Ill. 2d 440, 240 N.E.2d 620.) Moreover, as noted, Rule 651(a) is not merely a formality. Its purpose is to ensure that all indigent petitioners are provided with proper representation in the presentation of their claims of constitutional deprivation under the Act. "The fulfillment of this design would not be encouraged were we to ignore the rule's nonobservance in those cases appealed to this court." *People v. Brown*, (1972) 52 Ill. 2d 227, 230, 287 N.E.2d 663.

In accordance with these principles, we conclude that the arguments presented by the State must be rejected, and that the judgment of the circuit court be reversed and the cause remanded for further proceedings consistent with the views expressed herein. See *People v. Slaughter* (1968), 39 Ill. 2d 298, 235 N.E.2d 587.

Reversed and remanded.

WHITE, P.J., and McGILLICUDDY, J., concur.