THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
GARY MICHAEL BROWN, Defendant-Appellant.

Fifth District   No. 5—84—0287

Opinion filed March 24, 1986.

Randy E. Blue and E. Joyce Randolph, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John R. Clemons, State's Attorney, of Murphysboro (Kenneth R. Boyle, Stephen E. Norris, and Susan M. Young, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HARRISON delivered the opinion of the court:

Defendant, Gary Michael Brown, appeals from a judgment of the circuit court of Jackson County summarily dismissing his *pro se* petition for post-conviction relief filed pursuant to section 122—1 *et seq.* of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—1 *et seq.*). For the reasons which follow, we reverse and remand with directions.

Defendant was convicted of murder in 1979 and was sentenced to serve a prison term of 30 to 75 years. That conviction was affirmed by this court on direct appeal, *sub nom. People v. Jeffrey* (1981), 94 Ill. App. 3d 455, 418 N.E.2d 880. On December 27, 1983, defendant filed his *pro se* petition for post-conviction relief, claiming denial of his constitutional rights through ineffective assistance of counsel at both the trial and appellate levels. Defendant alleged that he was indigent and requested counsel. The Jackson County public defender's office was appointed to represent him by order dated January 6, 1984.

The State filed no answer or motion to dismiss, nor did it seek additional time to do so. On April 11, 1984, the trial court summarily dismissed defendant's petition pursuant to section 122—2.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—2.1), finding it to be "patently without merit."

On May 11, 1984, defendant's attorney moved for reconsideration of the dismissal order, asserting that because of a heavy trial schedule she had been unable to confer with defendant until April 12, 1984, and was unaware of the dismissal order until that date. She further advised the court that she had not had adequate time to confer with defendant, review the trial and appellate court record, or ascertain whether an amended petition should be filed. Attached to the motion was defendant's affidavit requesting reinstatement of his petition and reassignment of the cause to another judge. The docket minutes reflect no ruling on this motion. Notice of appeal was filed herein on May 11, 1984.

As grounds for this appeal, defendant first contends that section 122—2.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—2.1) is unconstitutional because it allows summary dismissal of post-conviction petitions deemed "frivolous" or "patently without merit" prior to appointment of counsel. Specifically, defendant argues: (1) that this section conflicts with the requirements for appointment of counsel set forth in Supreme Court Rule 651(c) (103 Ill. 2d R. 651(c)), thus violating the doctrine of separation of powers, and (2) that providing counsel to indigents as a matter of right on direct appeal, but refusing them appointed attorneys where post-conviction relief is sought if the court makes an initial determination that a petition is "frivolous" or "patently without merit," constitutes a denial of equal protection. In response, the State maintains that defendant has waived the issue of the constitutionality of section 122—2.1 by failing to raise it before the trial court. The State further argues that defendant lacks standing to raise the issue because an attorney was in fact appointed to represent him soon after his petition was filed, and defendant was therefore not aggrieved by operation of the provision he now seeks to have invalidated. In the alternative, the State asserts that defendant's constitutional claim should be denied on the merits.

The constitutionality of section 122—2.1 is not a question of first impression. The precise arguments raised by defendant in this case were recently considered and expressly rejected in *People v. Baugh* (1985), 132 Ill. App. 3d 713, 477 N.E.2d 724. Defendant believes that *People v. Baugh* was incorrectly decided, but we find his

arguments unpersuasive. For the reasons stated in that opinion, we concur in the view that section 122—2.1 is not invalid as a violation of separation of powers and does not contravene equal protection guarantees. Accordingly, we need not decide whether defendant has standing to raise the issue or whether he has waived the right to assert it on appeal.

Although we agree that the summary dismissal provision of section 122—2.1 is not constitutionally infirm for failure to require appointment of counsel as a matter of right in every case where an indigent defendant requests it, we nevertheless find that defendant's rights were abridged under the circumstances present here. Despite the absence of any statutory or constitutional obligation to appoint counsel when defendant's petition was initially filed, the trial court here did order the public defender's office to represent him. This order was not contested by the State or the public defender's office. The attorney designated to represent defendant did not seek and was not granted leave to withdraw. Having thus accepted the court's appointment and undertaken the representation of defendant, defendant's attorney was obligated to properly investigate and present his claims for post-conviction relief. At a minimum, this obligation required the attorney to consult with defendant either by mail or in person to ascertain his contentions of deprivation of constitutional rights, to examine the record of the trial proceedings, and to make any necessary amendments to defendant's *pro se* petition. (*People v. Brown* (1972), 52 Ill. 2d 227, 229-30, 287 N.E.2d 663, 665; *People v. Slaughter* (1968), 39 Ill. 2d 278, 285, 235 N.E.2d 566, 569.) Pursuant to Supreme Court Rule 651(c) (103 Ill. 2d R. 651(c)), compliance with these requirements must be affirmatively shown in the record on appeal. *People v. Wilson* (1985), 132 Ill. App. 3d 48, 50, 477 N.E.2d 24, 25-26.

In the present case, no such affirmative showing has been made. To the contrary, defendant's attorney candidly admitted that she had been unable to comply with any of the aforementioned requirements prior to dismissal of defendant's *pro se* petition. Under these circumstances, we must conclude that defendant was denied adequate representation by counsel. (*People v. Wilson* (1985), 132 Ill. App. 3d 48, 50, 477 N.E.2d 24, 26; *People v. Bennett* (1980), 82 Ill. App. 3d 596, 601, 403 N.E.2d 50, 55.) The judgment of the trial court summarily dismissing defendant's petition must therefore be reversed, and the cause remanded.

The State opposes this result, arguing that defendant's petition sets forth no valid grounds for relief and any further proceedings would serve no useful purpose. Our supreme court has expressly held,

however, that where a *pro se* post-conviction petitioner has not received adequate representation from his appointed counsel, it is error to dismiss his petition on the pleadings even though the petition fails to present a substantial constitutional claim. (*People v. Jones* (1969), 43 Ill. 2d 160, 162, 251 N.E.2d 218, 220.) This view is based on the recognition that adequate representation by counsel appointed to represent the claims of indigent prisoners in post-conviction proceedings is an important objective in itself. (See *People v. Wilson* (1985), 132 Ill. App. 3d 48, 50-51, 477 N.E.2d 24, 26.) Remand is necessary here to vindicate this objective and to ensure that appointment of counsel will not be regarded simply as an empty formality. 132 Ill. App. 3d 48, 50-51, 477 N.E.2d 24, 26.

■ There is an additional reason why reversal and remand are required. Section 122—2.1(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—2.1(a)), authorizing summary dismissal of post-conviction petitions prior to appointment of counsel, specifically states:

> "*Within 30 days* after the filing and docketing of each petition, the court shall examine such petition and enter an order thereon pursuant to this Section. If the court determines that the petition is frivolous or patently without merit, it shall dismiss the petition in a written order \*\*\*. Such order of dismissal is a final judgment and shall be served upon the petitioner by certified mail within 10 days of its entry." (Emphasis added.) (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—2.1(a).)

In this case, there is no dispute that the trial court's order of dismissal was untimely under this provision. As previously noted, defendant filed his petition on December 27, 1983, but the trial court did not enter its summary dismissal order until April 11, 1984, approximately 3½ months later and well past the specified 30-day period. No justification for the court's delay is apparent in the record.

■ The State argues that the 30-day dismissal rule should be construed merely as permissive or directory, rather than mandatory, and that noncompliance should therefore not result in reversal of the trial court's order unless actual prejudice is demonstrated. (See *People v. Churchill* (1985), 136 Ill. App. 3d 123, 482 N.E.2d 355.) We disagree. The fundamental principle of statutory construction is to give effect to the intent of the legislature. (*People v. Richardson* (1984), 104 Ill. 2d 8, 15, 470 N.E.2d 1024, 1028.) Legislative intent is ascertained primarily from consideration of the statutory language. (*Collins Oil Co. v. Department of Revenue* (1983), 119 Ill. App. 3d 808, 815, 457 N.E.2d 118, 122.) When the language of a statute is clear on its face,

its meaning should be given effect without resort to supplementary principles of statutory construction. (*People v. Singleton* (1984), 103 Ill. 2d 339, 341, 469 N.E.2d 200, 202.) Here, the language of section 122—2.1(a) plainly provides that the court "shall" examine post-conviction petitions and enter an order thereon within 30 days after they have been filed and docketed. Use of the word "shall" is generally indicative of a mandatory intent. 103 Ill. 2d 339, 341-42, 469 N.E.2d 200, 202.

Mandatory intent is similarly indicated where a statute prescribes the result that will ensue if the specified procedure is not followed. (*In re Special Education Placement of Walker* (1982), 107 Ill. App. 3d 1053, 1059, 438 N.E.2d 582, 586-87.) The consequences of failure to comply with the 30-day dismissal rule are so prescribed here. Subsection (b) of section 122—2.1 (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—2.1(b)) states unambiguously:

> "If the petition is not dismissed pursuant to this Section, the court shall order the petition to be docketed for further consideration in accordance with Sections 122—4 through 122—6."

■ When attempting to ascertain legislative intent, a court must, of course, also look beyond the particular language in question and examine the statute in its entirety. (*Springfield v. Board of Election Commissioners* (1985), 105 Ill. 2d 336, 341, 473 N.E.2d 1313, 1315.) Such an examination in this case further supports the conclusion that the 30-day dismissal rule was intended to be mandatory. We note in particular the terms of section 122—5 (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—5), which includes a separate set of deadlines applicable after the court enters its preliminary order pursuant to section 122—2.1. That section provides that the State shall answer or move to dismiss the petition within 30 days of the court's preliminary order and must file an answer within 20 days in the event a motion to dismiss is filed and denied. However, it also expressly vests the trial court with discretion to extend the period for filing such pleadings. (See *People v. Bradley* (1984), 128 Ill. App. 3d 372, 384, 470 N.E.2d 1121, 1130.) Section 122—2.1, by comparison, grants no such discretionary authority to the trial court. The 30-day period is fixed and mandatory.

Although enforcement of the 30-day rule may seem overly technical, we lack the authority to disregard clear and unambiguous statutory provisions. (*Havens v. Miller* (1981), 102 Ill. App. 3d 558, 566, 429 N.E.2d 1292, 1297.) A court may not declare that the legislature did not mean what the plain language of a statute imports. (*Hetterman v. Weingart* (1983), 120 Ill. App. 3d 683, 690, 458 N.E.2d 616, 621.) Yet, this is precisely what affirmance of the trial court's judg-

ment here would require. Indeed, that judgment cannot be sustained without rendering the 30-day period specified in section 122—2.1 a nullity, further violating the axiom that statutes should be construed so that no sentence, clause or word is superfluous or meaningless. *People v. Singleton* (1984), 103 Ill. 2d 339, 345, 469 N.E.2d 200, 203; *Jones v. Municipal Officers Electoral Board* (1983), 112 Ill. App. 3d 926, 930, 446 N.E.2d 256, 259.

█ Because we find the 30-day rule of section 122—2.1 to be mandatory, the trial court's summary dismissal of defendant's post-conviction petition in violation of that rule is void. (See *Havens v. Miller* (1981), 102 Ill. App. 3d 558, 564, 429 N.E.2d 1292, 1296.) For the foregoing reasons, the judgment of the circuit court of Jackson County is reversed, and defendant's cause is remanded. On remand, the circuit court is directed to order defendant's petition docketed for further consideration in accordance with sections 122—4 through 122—6 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat., 1984 Supp., ch. 38, pars. 122—4 through 122—6).

Reversed and remanded with directions.

WELCH and JONES, JJ., concur.