THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SOLOMON FINKLEA, Petitioner-Appellant.

Second District   No. 2—86—1025

Opinion filed July 25, 1989.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, for appellant.

Paul A. Logli, State's Attorney, of Rockford (William L. Browers, John X. Breslin, and Walter P. Hehner, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE UNVERZAGT delivered the opinion of the court:

The defendant, Solomon Finklea, was convicted by a jury of murder in the circuit court of Winnebago County and was sentenced to a 20-year term of imprisonment. His conviction was affirmed by this court on direct appeal. (*People v. Finklea* (1983), 119 Ill. App. 3d 448.) He now appeals the dismissal of his *pro se* petition for post-conviction relief.

Prior to the appointment of counsel to represent the defendant in the instant appeal, he filed a *pro se* brief which, *inter alia*, included the allegation that counsel failed to amend the post-conviction petition or even interview him regarding any of the other issues set forth in his *pro se* petition for post-conviction relief. After appointed appellate counsel noted the absence in the record of a certificate filed pursuant to Supreme Court Rule 651 (107 Ill. 2d R. 651(c)), he moved this court to remand the cause for an evidentiary hearing to determine whether post-conviction counsel complied with the requirements of Rule 651(c).

It was alleged in that motion that the report of proceedings of the hearing on the State's motion to dismiss showed defendant's post-conviction counsel represented to the court that he had examined the file,

written two letters to the defendant, and had spoken with the defendant on the phone. In view of the conflict between the record and the defendant's assertions in his *pro se* appellate brief, appointed appellate counsel attempted to clarify the matter by contacting post-conviction counsel and the defendant. Post-conviction counsel did not respond to the inquiry, however, and the defendant filed an affidavit (which was appended to appellate counsel's motion for remand before this court), attesting he was never consulted by post-conviction counsel by mail or in person about the issues raised in his *pro se* petition for post-conviction relief, and he never agreed with post-conviction counsel that the petition should not be amended.

Over the State's objection, this court remanded the cause in a clarified order, "for the limited purpose of complying with Supreme Court Rule 651 requiring that a certificate of the attorney be filed, if he can properly do so." Following remand, post-conviction counsel filed a third amended certificate pursuant to Supreme Court Rule 651(c) alleging in pertinent part that he wrote two letters to the defendant explaining what he needed from him in order to represent him in the post-conviction proceedings; that the letters were followed up by personal conferences with members of the defendant's family and by a phone conversation with the defendant in which the petition and counsel's representation of the defendant were discussed at length; that those conferences were held for the purpose of ascertaining defendant's contentions of deprivation of constitutional right; that he examined the record of proceedings from the defendant's trial and that he made no amendments to the defendant's *pro se* petition because he deemed none were necessary for an adequate presentation of petitioner's contentions.

The defendant's *pro se* petition for post-conviction relief alleged he was deprived of the effective assistance of trial counsel in that counsel failed to raise the affirmative defense of the use of justifiable force and the issue of his fitness to stand trial; that the court erred when it failed to advise him of his right to elect treatment under the Alcoholism and Substance Abuse Act (Ill. Rev. Stat., 1984 Supp., ch. 111½, par. 6301 *et seq.* (repealed; see now Ill. Rev. Stat. 1987, ch. 111½, par. 6351−1 *et seq.*)); that counsel failed or refused to assist in the planning and implementation of defense strategy and lacked the skill and diligence necessary to afford him the effective representation guaranteed by the United States and Illinois Constitutions.

The State's motion to dismiss was grounded on the basis that the issues raised in the defendant's *pro se* post-conviction petition were barred where they could have been raised in his direct appeal and

that the allegations themselves were vague and conclusionary because they were not supported by any specific facts. The court agreed that the bald assertions of error alleged in the *pro se* petition were insufficient to warrant further proceedings on the petition, and the issue of ineffectiveness of trial counsel was a matter which could have been addressed on direct appeal inasmuch as the defendant was represented at trial and on appeal by different counsel. The defendant was not present at the hearing on the State's motion to dismiss.

The defendant raises two issues before this court: (1) whether he was deprived of the effective assistance of post-conviction counsel due to counsel's failure either to amend the *pro se* post-conviction petition or to withdraw as counsel so defendant could resist the State's motion to dismiss; and (2) whether the cause should be remanded for an evidentiary hearing in order to resolve the issue of whether counsel did, in fact, consult with the defendant in compliance with Supreme Court Rule 651(c).

As to the latter issue, we are persuaded the cause should be remanded for an evidentiary hearing by the authority the defendant cites in support of the issue, *People v. Stewart* (1988), 121 Ill. 2d 93, *cert. denied* (1988), ____ U.S. ____, 102 L. Ed. 234, 109 S. Ct. 246.

In *Stewart,* the court consolidated its review of the dismissals without an evidentiary hearing of the defendant's post-conviction petitions following the affirmance of two of his convictions for murder on direct appeal. The defendant's initial claim was that he did not receive adequate representation during the post-conviction proceedings because his counsel, Mr. Pumilia, failed to comply with Supreme Court Rule 651 by filing a certificate showing he had consulted with the defendant to determine his contentions of deprivation of constitutional right, had examined the trial record, and made any amendments to the defendant's *pro se* petitions necessary for an adequate presentation of the defendant's claims.

While the case was being briefed in the supreme court, it granted the State leave to supplement the record with Mr. Pumilia's affidavit attesting to the fact he conferred with the defendant about the issues which should be presented in the post-conviction petition. His affidavit also reflected that Ms. Kyle Wesendorf, defendant's appellate counsel on his second murder conviction, conferred with the defendant and himself about the petition and assisted in all phases of the matter except court appearances.

When the defendant filed his reply brief in the supreme court, he moved the court to allow him to supplement the record with his own affidavit and that of Kyle Wesendorf in support of his claim that

Pumilia violated Rule 651(c).

After the case before the supreme court had been fully briefed, the court granted the defendant's motion to supplement the record and granted a summary remand directing the trial court to conduct a hearing on the evidentiary dispute concerning whether Pumilia complied with Rule 651(c). At the evidentiary hearing, Pumilia, Wesendorf, and Angela Pappas, an employee of the public defender's office for Winnebago County, testified, and the defendant made an offer of proof that inmates may only place collect telephone calls and that he never placed a telephone call to Pumilia from the Pontiac Correctional Center, where he was confined. Pappas testified a review of calls made to the public defender's office between November 1985 and June 1986 showed no collect calls were made to the office from Pontiac Correctional Center. The trial court determined Pumilia complied with Rule 651(c) after deciding on the basis of the conflicting evidence that Pumilia was "more worthy of belief" with regard to whether he ever discussed the petition with the defendant by telephone.

The supreme court denied the defendant's motion for reconsideration of the trial court's ruling and rejected the defendant's claim on appeal that, as a matter of law, his post-conviction counsel failed to comply with Rule 651(c). The court noted that whether the defendant and Pumilia conferred concerning the post-conviction petitions was a question of fact for the trial court to resolve, and it was neither the duty nor the privilege of it, as the reviewing court, to substitute its judgment as to the weight of the disputed evidence or the credibility of witnesses for that of the trier of fact. (*Stewart*, 121 Ill. 2d at 103.) Accordingly, rejecting the defendant's unsupported argument that one telephone conversation was insufficient as a matter of law to satisfy the requirements of Rule 651(c), the supreme court found counsel had satisfied the requirements of Rule 651(c).

■ The instant cause similarly presents a question of fact for the trial court to resolve: that is, whether defendant's counsel conferred with him concerning his *pro se* allegations of deprivation of constitutional rights. At a minimum, compliance with Rule 651(c) requires counsel to ascertain the basis of the defendant's complaints, shape those complaints into appropriate legal form and present them to the court. (*People v. Slaughter* (1968), 39 Ill. 2d 278, 285.) Both in his *pro se* appellate brief (later stricken when the appellate defender was appointed to represent him) and his affidavit appended to his motion for remand for an evidentiary hearing, the defendant has charged that post-conviction counsel did not consult with him, whereas post-convic-

tion counsel represented to the court at the hearing on the State's motion to dismiss that he did consult with the defendant.

■ Following this court's limited remand order, counsel filed three versions of a certificate pursuant to Rule 651(c) before the trial court found the allegations therein adequately reflected counsel's compliance with Rule 651(c). Consequently, the fact issue of whether the defendant's post-conviction counsel complied with Supreme Court Rule 651 has never been resolved by the trial court following an evidentiary hearing at which the defendant would be permitted to cross-examine counsel and present evidence. Because counsel was appointed to represent the defendant during the post-conviction proceedings, the defendant was entitled to proper representation by that attorney. *People v. Garrison* (1969), 43 Ill. 2d 121; *People v. Wilson* (1985), 132 Ill. App. 3d 48.

■ This court has the authority to reconsider its own rulings on motions presented to it during the course of the parties' briefing schedules. (See *People v. Nichols* (1986), 143 Ill. App. 3d 673, 675-76, citing *Schwind v. Mattson* (1974), 17 Ill. App. 3d 182, 187; *Mt. Vernon Girl Scout Council v. Girl Scouts of the United States of America* (1965), 55 Ill. App. 2d 443, 448 (supplemental opinion).) Although each of those cases concerned a motion to dismiss, rather than the motion for remand requested here, we believe reconsideration is warranted on the strength of the procedure followed in *Stewart*. As the defendant notes, the State does not attempt to distinguish *Stewart* from the circumstances of the instant cause.

■ This court orders the cause remanded to the trial court for an evidentiary hearing and a finding of fact by the trial court as to whether counsel complied with Supreme Court Rule 651(c). If the trial court finds counsel did not comply with Rule 651, the judgment of the circuit court of Winnebago County dismissing the defendant's post-conviction petition shall be vacated and the cause remanded for the appointment of new post-conviction counsel and further proceedings as necessary. If the trial court finds that counsel did comply with Rule 651, then this court will proceed to address the defendant's further contention that post-conviction counsel was ineffective.

This cause is remanded to the trial court for a prompt hearing as outlined above. The trial court is directed to issue its order and report the same to this court in due course.

Remanded.

LINDBERG and REINHARD, JJ., concur.