No. 2--95--0321

________________________________________________________________

                                     

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              SECOND DISTRICT

________________________________________________________________

THE PEOPLE OF THE STATE              )  Appeal from the Circuit Court

OF ILLINOIS,                         )  of Winnebago County.

                                     )

     Plaintiff-Appellee,             )

                                     )  No. 93--CF--1039

v.                                   )

                                     )

JESSE T. LEACH,                      )  Honorable

                                     )  Ronald L. Pirrello,

     Defendant-Appellant.            )  Judge, Presiding.

________________________________________________________________

     JUSTICE BOWMAN delivered the opinion of the court:

     Defendant, Jesse T. Leach, appeals the trial court's order

dismissing his petition for post-conviction relief (725 ILCS 5/122-

-1 (West 1994)).  The issue on appeal is whether we must remand

this cause to the trial court because the record does not

demonstrate that defense counsel complied with Supreme Court Rule

651(c) (134 Ill. 2d R. 651(c)).  We affirm.

     Defendant was charged by indictment with escape (720 ILCS

5/31--6(a) (West 1994)).  Defendant entered into a negotiated

guilty plea in exchange for a sentence of two years' imprisonment

to be served consecutive to a sentence of six years' imprisonment

imposed for a separate conviction.  

     On October 17, 1994, defendant filed a pro se petition for

post-conviction relief.  The petition alleged that the sentences

should have been concurrent instead of consecutive.  On December

14, 1994, the trial court appointed counsel for defendant for his

petition.  On February 3, 1995, the trial court granted the State's

motion to dismiss the petition.  Defendant filed a timely notice of

appeal.

     On appeal, defendant argues that his counsel was ineffective

for failing to comply with the requirements of Supreme Court Rule

651(c) and that we must remand the cause, pursuant to People v.

Alexander, 197 Ill. App. 3d 571, 573-74 (1990), to the trial court

for full compliance with the rule.  However, our supreme court

recently held that, for a defendant to prevail in a challenge to a

sentence entered pursuant to a negotiated plea agreement, defendant

must (1) move to withdraw the guilty plea and vacate the judgment,

and (2) show that the granting of the motion is necessary to

correct a manifest injustice.  People v. Evans, Nos. 80158, 80159

cons. (Ill. September 19, 1996).  In Evans, the court considered

the motion-to-reconsider-sentence provisions of Rule 604(d) (145

Ill. 2d R. 604(d)) and held that they only apply to open guilty

pleas.  Evans, slip op. at 10.  

     Although Evans involved the defense attorney's failure to

comply with Rule 604(d), we conclude that the reasoning used in

Evans applies equally to a motion to reconsider the sentence in the

form of a post-conviction petition and counsel's failure to comply

with Rule 651(c).  Like Rule 604(d), Rule 651(c) requires counsel

to file a certificate or make a showing on the record that he has

consulted with defendant to ascertain his contentions of error, has

examined the record of the trial court proceedings, and has made

any amendments to the petition filed pro se that are necessary for

an adequate presentation of defendant's contentions.  

     Evans thus stands for the proposition that a defendant cannot

challenge a sentence imposed pursuant to a negotiated plea

agreement without first moving to withdraw his guilty plea and

vacate the judgment.  The reason for this is that, in a negotiated

guilty plea, as opposed to an open guilty plea, the State has

agreed to a specific sentence and in some cases has dropped other

charges in exchange for a defendant's guilty plea.  If a defendant

is to challenge his sentence, he must also withdraw his plea in

order to put the State back in its original bargaining position.  

     In the present case, defendant and the State entered into a

negotiated plea agreement.  Under its terms, defendant pleaded

guilty to the charge of escape and, in exchange, the State agreed

to the minimum sentence to run consecutively to a sentence imposed

for a separate conviction.  The trial court accepted the plea

agreement and entered judgment in accordance with its terms. 

Subsequently, defendant filed a petition for post-conviction relief

alleging that the sentence should not have been consecutive to his

other sentence.  The trial court declined to modify his sentence to

run concurrently with his other sentence.  

     We conclude that the provisions of Rule 651(c), like the

motion-to-reconsider-sentence provisions of Rule 604(d), only apply

to open guilty pleas.  See Evans, slip op. at 10.  Accordingly,

defendant was not entitled to a reduction of his negotiated

sentence because it had been bargained for in his plea agreement. 

Defendant could obtain relief only by requesting the trial court,

in his post-conviction petition, to withdraw his guilty plea and

vacate the judgment.  He would also have to show that the granting

of the motion is necessary to correct a manifest injustice.  He did

neither.  Consequently, defendant is not entitled to a reduction of

his negotiated sentence.

     For the foregoing reasons, the judgment of the circuit court

of Winnebago County is affirmed.

     Affirmed.

     GEIGER and RATHJE, JJ., concur.