THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
LEO ALEXANDER, Defendant-Appellant.

Second District   No. 2—88—0614

Opinion filed May 3, 1990.

G. Joseph Weller and Thomas A. Lilien, both of State Appellate Defender's Office, of Elgin, for appellant.

Paul A. Logli, State's Attorney, of Rockford (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WOODWARD delivered the opinion of the court:

Defendant, Leo Alexander, appeals from an order of the circuit court of Winnebago County dismissing his petition for relief under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1987, ch. 38, par. 122—1 *et seq.*). On appeal, defendant contends that the cause must be remanded for an evidentiary hearing because (1) the allegations in defendant's petition were sufficient to warrant an evidentiary hearing on his claim of ineffective assistance of trial counsel and (2) post-conviction counsel failed to comply with Supreme Court Rule 651(c) (107 Ill. 2d R. 651(c)).

Defendant was charged with home invasion (Ill. Rev. Stat. 1981, ch. 38, par. 12—11), rape (Ill. Rev. Stat. 1981, ch. 38, par. 11—1), and deviate sexual assault (Ill. Rev. Stat. 1981, ch. 38, par. 11—3). Following a jury trial, defendant was found guilty of all three offenses and was sentenced to concurrent terms of 25 years' imprisonment. This court, in an unpublished order, affirmed defendant's convictions and sentences. *People v. Alexander* (1984), 123 Ill. App. 3d 1156 (unpublished order under Supreme Court Rule 23).

Defendant filed a *pro se* petition for post-conviction relief. The trial court subsequently appointed the public defender to represent defendant in the post-conviction proceedings. In the petition, defendant alleged that he was denied the effective assistance of counsel both at trial and on direct appeal. The State filed a motion to dismiss defendant's petition, alleging that defendant had not demonstrated a substantial denial of a constitutional right. The trial court granted the State's motion to dismiss defendant's petition, and defendant filed a timely notice of appeal.

Defendant contends that the cause must be remanded for further post-conviction proceedings because the record does not establish that post-conviction counsel complied with Supreme Court Rule 651(c) (107 Ill. 2d R. 651(c)). Rule 651(c) provides:

"The record *** shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." 107 Ill. 2d R. 651(c).

Defendant's post-conviction counsel did not file a certificate of compliance with the rule. During the pendency of this appeal, the State sought leave to file a certificate of compliance. This court denied the State's motion, however, because the certificate it sought to file did not comply with the rule.

■ ■ Failure to file a certificate pursuant to Rule 651(c) is harmless error if an examination of the record clearly indicates that counsel met the requirements of the rule. (*People v. Bone* (1987), 154 Ill. App. 3d 412, 417.) The complete common-law record and the transcripts of the trial and the post-conviction proceedings are before us for review. Our review of the record, however, does not establish compliance with Rule 651(c).

Pursuant to the rule, the record must indicate that counsel con-

sulted with defendant. During a scheduling hearing on defendant's petition, his counsel stated to the court that he had communicated with defendant, and, in his appellate brief, defendant admits this.

Post-conviction counsel must also make any amendments to the *pro se* petition that are necessary for an adequate presentation of defendant's contentions. Here, post-conviction counsel did not amend the *pro se* petition. Failure to amend a *pro se* petition, however, does not establish ineffective representation unless there is a showing that the petition could have been amended to state a case upon which relief could be granted. (*People v. Lynch* (1975), 32 Ill. App. 3d 350, 351-52.) Defendant has not offered any suggestions concerning how post-conviction counsel could have improved the petition. Furthermore, our review of the *pro se* petition establishes that it is well drafted and not conclusional. The petition contains citations to the portions of the record which support defendant's allegations, and defendant attached an affidavit and exhibits in support of the petition. Defendant has not made a showing, and our review does not establish, that amendments were necessary for an adequate presentation of defendant's contentions.

Finally, Rule 651(c) requires that there be a showing on the record that post-conviction counsel examined the record of the proceedings at trial. There is no such showing in this record. Our review of the transcript establishes that post-conviction counsel was familiar with defendant's petition, the State's motion to dismiss, and the Rule 23 order of this court in the direct appeal of the case. However, there is no indication that counsel was familiar with the trial record. At the hearing on the State's motion to dismiss the petition, the assistant State's Attorney argued the evidence and the trial proceedings. Defendant's counsel made no response to these arguments. His presentation at the hearing does not clearly establish familiarity with the trial record. Absent an affirmative showing on the record, we cannot presume that post-conviction counsel fulfilled his obligation to review the trial record. See *People v. Bennett* (1980), 82 Ill. App. 3d 596, 601.

The purpose underlying Rule 651(c) is not merely formal; it is to insure that all indigents are provided proper representation when presenting claims of constitutional deprivation under the Post-Conviction Hearing Act. (*People v. Brown* (1972), 52 Ill. 2d 227, 230.) The fulfillment of this design would not be encouraged were we to ignore the rule's nonobservance. (*Brown*, 52 Ill. 2d at 230.) Rule 651(c) explicitly requires a showing that counsel has examined the trial record. (*Brown*, 52 Ill. 2d at 230.) Without a showing that counsel fulfilled the requirements of Rule 651(c), we cannot conclude that petitioner was

provided adequate post-conviction representation.

It is error to dismiss a post-conviction petition on the pleadings where, as here, there has been no showing of adequate representation by counsel, even where the petition itself failed to present a substantial constitutional claim. (See *People v. Jones* (1969), 43 Ill. 2d 160, 162; *People v. Wilson* (1985), 132 Ill. App. 3d 48, 51.) The cause must, therefore, be remanded for further post-conviction proceedings.

In view of our decision on this issue, we need not address petitioner's other assignment of error.

The judgment of the circuit court is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

UNVERZAGT, P.J., and GEIGER, J., concur.