THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHNNIE E. CARTER, Defendant-Appellant.

Fourth District   No. 4—91—0068

Opinion filed January 30, 1992.

Daniel D. Yuhas and Charles L. Jones, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Rebecca L. White, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

Defendant Johnnie Carter appeals the dismissal of his petition for relief under the Post-Conviction Hearing Act (Act) (Ill. Rev. Stat. 1989, ch. 38, par. 122—1 et seq.). We reverse and remand.

On November 24, 1987, defendant was charged by information with one count of residential burglary. (Ill. Rev. Stat. 1987, ch. 38, par. 19—3.) On December 1, 1987, the public defender was appointed to represent him. On December 17, 1987, the grand jury returned an indictment against defendant, charging him with the same residential burglary offense as was contained in the information. Defendant retained Harvey Welch as private counsel, who entered his appearance for defendant on December 30, 1987. On February 10, 1988, the day the trial was set to begin, defendant appeared before the trial judge and requested a continuance to secure substitute counsel. He indicated dissatisfaction with his present counsel and gave the trial judge the name of an attorney, Mr. Ratcliffe, whom defendant claimed would represent him. After speaking with Mr. Ratcliffe, the trial judge determined that he had not been hired by defendant. The judge then denied the motion for continuance.

The trial began on the following day. Mr. Welch moved to withdraw as counsel for defendant, but that motion was also denied. Defendant waived his right to be present during the trial. He was convicted and subsequently sentenced to the maximum term of 15 years' imprisonment.

On direct appeal of his conviction to this court, defendant's sole claim of error was that the trial court had erred in not granting the motion for continuance to secure substitute counsel. In an order filed on September 21, 1988, defendant's conviction was affirmed. *People v. Carter* (1988), 173 Ill. App. 3d 1161 (unpublished order under Supreme Court Rule 23).

On July 18, 1990, defendant filed a *pro se* petition for post-conviction relief under the Act. He alleged in his petition that he was denied the effective assistance of counsel because his trial counsel failed to adequately investigate his case and did not subject the State's case to adversarial testing during the trial, and because defendant did not have his choice of counsel. He also alleged that his appellate counsel was ineffective for failing to argue the ineffectiveness of his trial counsel on the direct appeal. He further alleged that there was insufficient evidence to support his conviction, the trial court failed to properly instruct the jury, and his sentence was excessive.

Counsel was appointed to represent defendant on his petition. Counsel thereafter filed an amended petition in which he alleged that (1) defendant was denied his right to the effective assistance of counsel under the sixth amendment to the United States Constitution because his motion for a continuance of the trial to obtain substitute counsel was denied; and (2) defendant's sentence of 15 years' imprisonment constituted cruel and unusual punishment in violation of his rights under the eighth amendment to the United States Constitution. The amended petition contained no facts to support these allegations, and it attached no affidavits in support thereof. It asked the trial court to take judicial notice of the record in the case. Attached to the petition was a copy of the first 13 pages of the transcript of proceedings before the trial judge, which had taken place on February 10, 1988, in which the judge had denied defendant's request for a continuance to seek substitute counsel. The petition was not signed or verified by defendant, but contained only the signature of his attorney.

The State moved to dismiss the amended petition, alleging it did not clearly set forth the claimed constitutional violations. The motion also pointed out that defendant's allegation he was improperly denied a continuance to seek substitute counsel had been decided in the direct appeal of his case and was, therefore, *res judicata*. The motion also stated that allegations of an excessive sentence within the statutory range of penalties do not raise a constitutional issue.

On December 19, 1990, a hearing was held on the State's motion to dismiss. Defense counsel's argument at that hearing in response to the State's motion consisted of the following:

"[Defense counsel]: Your Honor, I would object to the Motion to Dismiss the State's Motion on the Amended Petition. Other than the two typographical errors which [the assistant State's Attorney] has just pointed out, and as correctly amended, the case does set out clearly, the Petition does set out clearly the respects of which Mr. Carter's constitutional rights were vio-

lated. Among other things, I would ask the Court to take judicial notice of the Court file in cause number 87—CF—1641 which would indicate to the Court when the final rendition of the trial court matters were had, and Post-Conviction Relief based upon any appellate court work that may have been done. I waive argument on Paragraph II concerning the allegation of the Petitioner having raised this on direct appeal having been dealt with as to Motion to Dismiss. Paragraph III, the allegation of excessive sentence, I would argue that I do believe that the Amended Petition does set up a cause for relief in the excessive sentence paragraph styled Roman Numeral II in the Amended Petition for Post-Conviction Relief and would ask to be heard on both paragraphs Roman Numerals I and II in this matter."

At the conclusion of this hearing, the trial court granted the State's motion and dismissed defendant's amended petition. This appeal followed. Defense counsel did not file a certificate in compliance with Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)).

On appeal, defendant claims that his appointed counsel in the post-conviction proceeding was ineffective because there was no showing on the record, nor did counsel certify, that he consulted with defendant to ascertain his claims of constitutional error or that counsel examined the record of the trial proceedings. He also claims counsel's ineffectiveness was further demonstrated by the content of his amended petition and his argument at the hearing on the State's motion to dismiss. Rule 651(c) provides:

"Record for Indigents; Appointment of Counsel. Upon the timely filing of a notice of appeal in a post-conviction proceeding, if the trial court determines that the petitioner is indigent, it shall order that a transcript of the record of the post-conviction proceedings, including a transcript of the evidence, if any, be prepared and filed with the clerk of the court to which the appeal is taken and shall appoint counsel on appeal, both without cost to the petitioner. The record filed in that court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional right, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." 134 Ill. 2d R. 651(c).

The committee comments to Rule 651(c) indicate that the last sentence was added in 1969 to implement decisions of the Illinois Supreme Court regarding the responsibilities of an attorney who represents an indigent petitioner in a post-conviction proceeding. (134 Ill. 2d R. 651, Committee Comments.) In one of those decisions, the court made the following observation:

"To the end that the complaints of a prisoner with respect to the validity of his conviction might be adequately presented, the statute contemplated that the attorney appointed to represent an indigent petitioner would consult with him either by mail or in person, ascertain his alleged grievances, examine the record of the proceedings at the trial and then amend the petition that had been filed *pro se*, so that it would adequately present the prisoner's constitutional contentions. The statute can not perform its function unless the attorney appointed to represent an indigent petitioner ascertains the basis of his complaints, shapes those complaints into appropriate legal form and presents them to the court." *People v. Slaughter* (1968), 39 Ill. 2d 278, 285, 235 N.E.2d 566, 569.

■ Under Rule 651(c), counsel must certify, or the record must affirmatively show, that counsel fulfilled three requirements: (1) consultation with petitioner, either in person or by mail; (2) examination of the trial record; and (3) amendment of the *pro se* petition, if necessary, to adequately present petitioner's claims of constitutional violation. In the absence of a certificate, if all of these elements are not affirmatively shown by the record on appeal, there has not been compliance with Rule 651(c) and the case must be remanded for further hearing.

In *People v. Alexander* (1990), 197 Ill. App. 3d 571, 554 N.E.2d 1078, defendant filed a *pro se* petition for post-conviction relief, alleging he was denied the effective assistance of counsel at trial and on direct appeal. The public defender was appointed to represent him. The State filed a motion to dismiss, alleging defendant had failed to allege a substantial denial of a constitutional right. The trial court granted the motion, and defendant appealed. His counsel did not file a certificate of compliance with Rule 651(c). The appellate court stated that failure to file such a certificate is harmless error, if an examination of the record shows that counsel met the requirements of the rule. But *cf. People v. Yarbrough* (1991), 210 Ill. App. 3d 710, 569 N.E.2d 211 (holding that failure to file Rule 651(c) certificate is not error at all).

In the *Alexander* case, the record showed, and defendant admitted, that his counsel had communicated with him. The court then considered the question of amendment of the *pro se* petition. Unlike many *pro se* petitions, the one filed by defendant was well drafted and contained citations to the record, and an affidavit and exhibits were attached. Counsel did not file an amended petition and the court found there was no need for him to have done so. However, the court found no evidence in the record to show counsel had examined the trial record. At the hearing on the State's motion to dismiss, the assistant State's Attorney argued the evidence and the trial proceedings. Defendant's counsel made no response to these arguments. His presentation at the hearing did not show he had a familiarity with the trial record. Without an affirmative showing in the record, the court refused to presume that counsel had fulfilled his obligation to review the record. As this last requirement was not demonstrated by the record, the court could not conclude that defendant was provided with adequate post-conviction representation. *Alexander*, 197 Ill. App. 3d at 573, 554 N.E.2d at 1079.

The State points out in its brief that counsel in the instant case did file an amended petition. The State also believes defendant's attorney could not have reiterated defendant's arguments in the amended petition, had he not consulted the court file, and argues that it is a "reasonable assumption" that defense counsel also consulted with defendant to obtain his "input" into the amended petition. The State concludes this portion of its argument by saying that defense counsel was faced with the obvious—there were no meritorious issues to raise on defendant's behalf. However, these arguments are completely without merit under the existing case law.

We are not entitled to assume counsel complied with Rule 651(c). There must be an explicit showing in the record that he did, in fact, fulfill the rule's requirements. (See *People v. Bennett* (1980), 82 Ill. App. 3d 596, 601, 403 N.E.2d 50, 55.) Such a showing is woefully lacking in this case. Further, it is error to dismiss a post-conviction petition on the pleadings absent a showing of adequate representation by counsel, even where the petition failed to present a substantial constitutional claim. *Alexander*, 197 Ill. App. 3d at 574, 554 N.E.2d at 1080; see also *People v. Jones* (1969), 43 Ill. 2d 160, 162, 251 N.E.2d 218, 220; *People v. Wilson* (1985), 132 Ill. App. 3d 48, 51, 477 N.E.2d 24, 26.

■ In the instant case, counsel did file an amended petition. Defendant's *pro se* petition had alleged several claims upon which he sought relief. Defendant's reasoning was, in some respects, difficult to

follow. He attached no affidavits, but the *pro se* petition contained some factual support. The amended petition filed by appointed counsel alleged only two grounds for relief, contained no facts upon which the alleged constitutional violations could be found, and had no affidavits attached. The only attachment consisted of the portion of the transcripts of pretrial proceedings to which we previously referred. The trial court correctly found that the allegations contained in counsel's amended petition were deficient—the first, alleging denial of his right to effective assistance of counsel, because the matter had already been decided against defendant on the direct appeal to this court; and the second, challenging the length of sentence, because it raised no constitutional issue. However, we cannot affirm the dismissal of the amended petition because of these deficiencies where we cannot determine whether defendant had adequate representation in the post-conviction proceeding.

There is no affirmative showing in the record that counsel consulted with defendant, either in person or by mail, in order to ascertain his claims of constitutional violation. The record is devoid of any correspondence and counsel made no statements at the hearing on the State's motion to dismiss which would lead us to believe there had been any such contact with defendant.

We do not find any affirmative indication that counsel had examined the trial record. While he did attach 13 pages of the transcript of the pretrial proceedings to his amended petition, this merely shows that he had read the portions of the transcript relevant to his argument concerning the trial court's denial of defendant's motion for a continuance. It does not provide affirmative evidence of counsel's familiarity with other portions of the trial record. Counsel must examine the entire trial record to ascertain all possible violations of defendant's constitutional rights. We cannot determine from the record whether this was done.

We, therefore, reverse the dismissal of defendant's amended petition for post-conviction relief and remand to the trial court for further proceedings.

Reversed and remanded.

GREEN and McCULLOUGH, JJ., concur.