NOTICE
Decision filed 01/31/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 220151-U

NO. 5-22-0151

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Vermilion County. |
| | ) | |
| v. | ) | No. 07-CF-654 |
| | ) | |
| JEROME JOHNSON, | ) | Honorable |
| | ) | Derek J. Girton, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE BOIE delivered the judgment of the court.
Presiding Justice Vaughan and Justice Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*:    We affirm the judgment of the trial court dismissing the defendant's second amended postconviction petition where postconviction counsel rendered reasonable assistance of counsel in amending the defendant's postconviction petition.

¶ 2    On October 15, 2019, the defendant, Jerome Johnson, filed a *pro se* petition for relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)). The trial court appointed counsel to represent the defendant, and postconviction counsel filed a first and second amended postconviction petition on the defendant's behalf. The defendant's second amended postconviction petition (second petition) alleged, *inter alia*, ineffective assistance of trial and appellate counsel.

1

¶ 3    The State filed a motion to dismiss the defendant's second petition on March 7, 2022. On March 11, 2022, the trial court granted the State's motion and dismissed the defendant's second petition at the second stage of the postconviction proceedings. The defendant now appeals the judgment of the trial court dismissing his second petition raising the sole issue of whether postconviction counsel rendered unreasonable assistance of counsel. For the following reasons, we affirm the judgment of the trial court.

¶ 4                                    I. BACKGROUND

¶ 5    On May 15, 2008, the defendant was convicted of one count of aggravated sexual abuse in violation of section 12-16(b) of the Criminal Code of 1961 (Code) (720 ILCS 5/12-16(b) (West 2006)), one count of criminal sexual assault in violation of section 12-13(a)(3) of the Code (*id.* § 13(a)(3)), and two counts of indecent solicitation of a child in violation of section 11-6(a) of the Code (*id.* § 11-6(a)). At sentencing, the trial court merged the aggravated criminal sexual abuse conviction into the defendant's conviction for criminal sexual assault and sentenced the defendant to consecutive incarceration terms of 30 years for the criminal sexual assault and 5 years each for the two indecent solicitation of a child convictions. The defendant's convictions and sentence were affirmed on appeal, but the matter was remanded for an amended sentencing judgment to reflect the defendant's indecent solicitation of a child convictions as Class 3 felonies, rather than Class 2 felonies. *People v. Johnson*, 387 Ill. App. 3d 1196 (2009) (table) (unpublished order under Illinois Supreme Court Rule 23).

¶ 6    Subsequent to the defendant's direct appeal, this matter has undergone three additional appeals such that we find it efficient to provide the following timeline of the events in this matter:

> March 15, 2013—the defendant filed a *pro se* petition pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2012)). On March 18, 2013, the defendant filed an amended section 2-1401 petition. The defendant's amended section 2-

1401 petition alleged, *inter alia*, ineffective assistance of trial counsel. The State filed a motion to dismiss the defendant's amended section 2-1401 petition on July 8, 2014.

July 15, 2014—the trial court dismissed the defendant's amended section 2-1401 petition finding that the State had not been properly served; that the initial petition was untimely; that the claims raised were not supported by the record; that the issues contained in the amended petition should have been raised on direct appeal; and, that the defendant's claims of ineffective assistance of counsel failed to meet the threshold requirement of prejudice. The defendant appealed.

August 11, 2016—the appellate court found that the defendant had been denied a meaningful opportunity to respond to the State's motion to dismiss, thus violating the defendant's due process rights and remanded the case for further proceedings. *People v. Johnson*, 2016 IL App (4th) 140710, ¶¶ 22-25. On remand, the defendant was given 14 days to file a response to the State's motion to dismiss; however, the defendant failed to file a response within that time.

November 29, 2016—the defendant filed a motion to recharacterize his amended section 2-1401 petition into a petition for postconviction relief pursuant to the Act. On April 10, 2017, the trial court stated that the matter was currently on appeal and, therefore, the trial court lacked jurisdiction to address the defendant's motion to recharacterize his amended section 2-1401 petition. On May 4, 2017, the defendant sent correspondence to the trial court stating that the matter was not currently on appeal.

May 17, 2017—the trial court, by docket entry, stated that it had considered the defendant's motion to recharacterize his amended section 2-1401 petition as a concession to the State's motion to dismiss the defendant's amended section 2-1401 petition, and dismissed the defendant's amended section 2-1401 petition. The trial court then granted the State 30 days to file a response to the defendant's motion to recharacterize his amended section 2-1401 petition to a petition for postconviction relief. On June 16, 2017, the State filed its response.

July 20, 2017—the trial court indicated that it had reviewed the original amended section 2-1401 petition filed on March 18, 2013, and "viewing that pleading as a Petition for Post conviction Relief the court finds the claims frivolous. In addition the court finds the claims were not raised in a reasonable time as required by 725 ILCS 122/5-1." As such, the trial court denied the defendant's request to recharacterize his amended section 2-1401 petition as a postconviction petition. The defendant appealed.

January 3, 2018—the defendant filed a motion for leave to file a late postconviction petition. The defendant's motion for leave to file a late postconviction petition argued that his failure to file a postconviction petition in a timely manner was not due to his own culpable negligence, but was due to mental health issues, that the defendant had the equivalent of a sixth-grade education, and that the prison system lost his legal property which resulted in "years-long mission" to obtain a second copy of this trial record and trial transcript.

January 11, 2018—the trial court stated that it lacked jurisdiction to address the defendant's motion for leave to file a late postconviction petition as the matter was currently on appeal.

July 19, 2019—the appellate court dismissed the defendant's appeal of the trial court's judgment denying the defendant's motion to recharacterize his amended section 2-1401 as a postconviction petition. The appellate court found that it lacked jurisdiction to hear the appeal since a trial court's decision not to recharacterize a *pro se* pleading as a postconviction petition was not, itself, a final, appealable order. *People v. Johnson*, 2019 IL App (4th) 170635-U, ¶ 19. The appellate court stated that "[w]ith such a decision, the case either proceeds on the *pro se* petition as it is filed or, as in this case, defendant can still file an initial postconviction petition." *Id.*

October 15, 2019—the defendant filed a petition for postconviction relief pursuant to the Act.

October 22, 2019—the trial court, by docket entry, dismissed the defendant's petition for postconviction relief stating that it lacked jurisdiction to address the defendant's postconviction petition since the issues raised in the petition were currently on appeal. The defendant appealed.

May 14, 2020—the appellate court found that the trial court's basis for dismissing the defendant's postconviction petition was improper, reversed the trial court's judgment, and remanded for further stage-two proceedings. *People v. Johnson*, 2020 IL App (4th) 190852-U, ¶¶ 23, 24.

¶ 7    The proceedings on remand are the basis for the appeal at bar. As such, we return to the defendant's *pro se* petition for relief pursuant to the Act (*pro se* petition) (725 ILCS 5/122-1 *et seq.* (West 2018)), filed on October 15, 2019. The defendant's *pro se* petition alleged that the trial court erred when it denied a continuance during trial for the purpose of obtaining new counsel after the defendant had informed the trial court that he was receiving ineffective assistance of counsel. The defendant's *pro se* petition also alleged that the trial court erred in failing to make any inquiry regarding the defendant's claims of ineffective assistance of counsel.

¶ 8    The defendant's *pro se* petition went on to allege ineffective assistance of trial counsel because trial counsel "failed to subject the state[']s case to any meaningful adversarial testing," and "simply went through the motions." Specifically, the defendant's *pro se* petition alleged that

4

the defendant had informed his trial counsel of two potential witnesses and that his trial counsel had failed to contact the witnesses.

¶ 9      On May 14, 2020, the trial court appointed counsel to represent the defendant. On March 4, 2022, postconviction counsel filed a first amended petition for postconviction relief (first amended petition) on behalf of the defendant. The first amended petition alleged that the defendant's trial counsel rendered ineffective assistance of counsel in that trial counsel: (1) failed to conduct any meaningful trial preparation and only met with the defendant one time prior to trial; (2) failed to show or discuss discovery with the defendant; (3) failed to contact two potential witnesses; (4) waived formal reading of the charges at the preliminary hearing, but failed to explain the charges and penalties to the defendant; and, (5) never discussed a plea agreement which the defendant believes was offered by the State. The defendant's first amended petition also alleged that the trial judge erred in failing to conduct a *Krankel*[1] hearing when the defendant stated during the trial that "I don't want him as my attorney, your Honor. I got a feeling I'm not being represented properly." Along with the first amended petition, postconviction counsel filed a certificate of compliance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). The State filed a motion to dismiss the defendant's amended petition[2] on March 7, 2022.

¶ 10      The defendant filed a motion for leave to file a second petition on March 9, 2022. The defendant's second petition repeated the allegations set forth in the first amended petition and added an allegation of ineffective assistance of appellate counsel. According to the defendant's second petition, appellate counsel was ineffective for failing to allege ineffective assistance of trial

---

[1]Inquiries regarding a defendant's *pro se* claim of ineffective assistance of counsel held pursuant to *People v. Krankel*, 102 Ill. 2d 181 (1984), are commonly referred to as *Krankel* hearings.

[2]The State incorrectly titled its motion to dismiss as a motion to dismiss the defendant's second amended petition, and later acknowledged the error, but did not amend the motion to correct the error.

counsel as an issue within the defendant's direct appeal of his convictions and sentence. Attached to the defendant's second petition was a portion of the trial court's preliminary hearing transcript, the affidavit of the defendant, and a portion of the defendant's trial transcript.

¶ 11    The State filed a motion to dismiss the defendant's second petition on March 11, 2022, and the trial court conducted a hearing on the State's motion to dismiss the same day. At the hearing, the State did not object to the filing of the second petition, and the trial court allowed "the filing of the second petition today."[3] The trial court also noted that the State had filed a motion to dismiss the second petition, *instanter*, that incorporated "most of the argument from their motion [to dismiss] that was filed on March 7th."

¶ 12    The trial court heard arguments from both parties, and after arguments, in open court, the trial court held that the defendant's issues regarding ineffective assistance of trial counsel and the trial judge's failure to conduct a *Krankel* hearing were waived for not having been raised on direct appeal. The trial court went on to state as follows:

> "But, again, all those issues are then reraised in Count III regarding ineffective assistance of Appellate counsel.
>
> I'd also I guess sort of point out that much of the allegations are on a failure to communicate with defense counsel who I will point out at this time has passed away and is unable at any point to refute whether or not these conversations took place or not, but for the purpose of today's hearing anyway we're going to assume the allegations made by [the defendant] are true and correct."

---

[3]The defendant's second petition, attached to his motion for leave to file a second amended petition, and the defendant's affidavit contained as an exhibit to the second petition were not signed by the defendant. At the hearing, postconviction counsel indicated that, "we couldn't get it back and forth in time," but that the defendant had signed both and that postconviction counsel would file the executed petition and affidavit. However, the record does not contain any subsequent filing of the second petition nor an executed copy of the defendant's affidavit in support of the second petition.

¶ 13     The trial court then went on to address each of the allegations of ineffective assistance of counsel contained in the defendant's second petition under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The trial court found that, even when taking the defendant's allegations as true and correct, the defendant failed to demonstrate that the outcome of the trial would have been different if trial counsel had consulted with the defendant more or had reviewed the discovery with the defendant. With regard to trial counsel's failure to contact the two potential witnesses, the trial court noted that there were no affidavits attached to the second petition indicating what the witnesses would have testified to or how their testimony would have contradicted the complaining witnesses. As such, the trial court stated that there was no means to determine whether the potential witnesses' testimony may have altered the outcome of the trial.

¶ 14     The trial court went on to state that there was nothing attached to the second petition, or contained in the record, that would indicate that a plea offer was made by the State other than the defendant's belief that an offer may have been made. Since there was no proof of a plea offer, the trial court stated that it could not then find that such an offer would have changed the outcome of the defendant's case.

¶ 15     The trial court next addressed the *Krankel* issue, stating that the trial judge did not err in failing to conduct a *Krankel* hearing during the defendant's trial since the trial had to be completed in order to allege ineffective assistance of counsel. Based on the above findings, the trial court stated as follows:

> "I don't find that based on what is before the Court there is any evidence that would meet the second prong of the *Strickland* test. Therefore, I will grant the State's Motion to Dismiss."

7

¶ 16    The defendant now appeals the judgment of the trial court dismissing his second petition. On appeal, the defendant argues that postconviction counsel rendered unreasonable assistance of counsel when he failed to adequately amend the defendant's *pro se* petition and attach evidentiary support regarding the two potential witnesses. The defendant also argues that postconviction counsel rendered unreasonable assistance of counsel when he failed to amend the second petition to address culpable negligence.

¶ 17                                     II. ANALYSIS

¶ 18    The Act (725 ILCS 5/122-1 *et seq.* (West 2018)) provides a remedy to a criminal defendant who's federal or state constitutional rights were substantially violated in his or her original trial or sentencing hearing. *People v. Pitsonbarger*, 205 Ill. 2d 444, 455 (2002). A postconviction proceeding is not an appeal from an underlying judgment, but rather a collateral attack on the judgment. *People v. Ortiz*, 235 Ill. 2d 319, 328 (2009). As a collateral proceeding, a postconviction proceeding allows inquiry only into constitutional issues that were not and could not have been adjudicated in an appeal of the underlying judgment. *Id.*

¶ 19    The Act provides a three-stage process for the adjudication of postconviction petitions. *People v. English*, 2013 IL 112890, ¶ 23. At the first stage, the trial court independently assesses the defendant's petition, and if the court determines that the petition is "frivolous" or "patently without merit," the court can summarily dismiss it. 725 ILCS 5/122-2.1(a)(2) (West 2018); *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). To survive the first stage, "a petition need only present the gist of a constitutional claim." *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996).

¶ 20    If a petition is not dismissed at the first stage, it advances to the second stage where an indigent petitioner can obtain appointed counsel and the State can move to dismiss it. 725 ILCS 5/122-2.1(b), 122-4, 122-5 (West 2018); *Edwards*, 197 Ill. 2d at 245-46. At the second stage, the

trial court is "foreclosed from engaging in any fact-finding because all well-pleaded facts not rebutted by the record are to be taken as true." *People v. Phyfiher*, 361 Ill. App. 3d 881, 884 (2005). At the second stage, if the defendant makes a substantial showing of a constitutional violation, the petition advances to the third stage where the trial court conducts an evidentiary hearing. 725 ILCS 5/122-6 (West 2018); *Edwards*, 197 Ill. 2d at 246.

¶ 21 In this matter, the trial court granted the State's motion to dismiss and dismissed the defendant's second petition at the second stage. We review *de novo* a trial court's dismissal of a postconviction petition at the second stage. *People v. Velasco*, 2018 IL App (1st) 161683, ¶ 91.

¶ 22 As stated above, counsel may be appointed at the second stage where a defendant is indigent (725 ILCS 5/122-4 (West 2018)), and the right to counsel in postconviction proceedings is derived from statute rather than the Constitution. *People v. Owens*, 139 Ill. 2d 351, 364 (1990). Thus, postconviction petitioners have no constitutional right to counsel, effective or otherwise, and are guaranteed only the level of assistance which the statute provides. *People v. Custer*, 2019 IL 123339, ¶ 30. That level of assistance has been defined by our supreme court to mean a "reasonable" level of assistance and a "reasonable" standard is significantly lower than the one mandated at trial by our state and federal constitutions. *Id.* One aspect of "reasonable" assistance is compliance with Illinois Supreme Court Rule (eff. July 1, 2017). *People v. Carter*, 223 Ill. App. 3d 957, 961 (1992).

¶ 23 Rule 651(c) imposes three duties on appointed postconviction counsel. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). Pursuant to the rule, postconviction counsel must show that he or she (1) consulted with the petitioner to ascertain his or her contentions of constitutional deprivations, (2) examined the record of the trial proceedings, and (3) made any amendments to the filed *pro se* petition necessary to adequately present the petitioner's contentions. Ill. S. Ct. R. 651(c) (eff. July

9

1, 2017). The purpose of the rule is to ensure that postconviction counsel shapes the defendant's claims into a proper legal form and presents them to the court. *Perkins*, 229 Ill. 2d at 44.

¶ 24    There are two ways in which appointed counsel may comply with Rule 651(c). Counsel may file a certificate indicating that the requirements of the rule were complied with or the record as a whole may demonstrate that counsel complied with the provisions of Rule 651(c). *People v. Richmond*, 188 Ill. 2d 376, 380 (1999). Substantial compliance with Rule 651(c) is sufficient. *People v. Richardson*, 382 Ill. App. 3d 248, 257 (2008).

¶ 25    A rebuttable presumption that postconviction counsel provided reasonable assistance exists where the certificate has been filed. *People v. Profit*, 2012 IL (1st) 101307, ¶ 19. The defendant bears the burden to overcome this presumption by demonstrating that his or her counsel failed to substantially comply with the requirements of Rule 651(c). *Id.* Where postconviction counsel has failed to fulfill the duties required of Rule 651(c), our supreme court has held that remand is required regardless of whether the claims raised in the petition had merit. *People v. Suarez*, 224 Ill. 2d 37, 47 (2007).

¶ 26    In the present case, the defendant's postconviction counsel filed a Rule 651(c) certificate on March 4, 2022. Thus, there is a rebuttable presumption that postconviction counsel provided reasonable assistance and it is the defendant's burden to overcome this presumption.

¶ 27    The defendant argues that he has rebutted the presumption of substantial compliance with Rule 651(c) because the record demonstrates that postconviction counsel rendered unreasonable assistance by failing to shape the defendant's claims into proper legal form, by failing to provide evidentiary support on the defendant's claim regarding ineffective assistance of counsel concerning the two witnesses, and by failing to argue that the defendant was not culpably negligent for filing a late petition.

¶ 28 According to the defendant's argument, postconviction counsel pleaded non-specific, conclusory allegations regarding the two witnesses, and failed to explain the significance of their testimony or how their testimony was material to the defendant's defense. The defendant also argues that postconviction counsel failed to include affidavits from the two witnesses or explain why the affidavits were not included as required by section 122-2 of the Act. 725 ILCS 5/122-2 (West 2018). The defendant argues that the allegations regarding the witnesses may have been enough to state the gist of constitutional claim, but were insufficient to make a substantial showing as required at second-stage proceedings as evidenced by the trial court's noting that "there's no affidavits attached telling us what their testimony would have been and *** there's no way to know that, in fact, having called those individuals may have changed the outcome of the case."

¶ 29 As previously stated, the purpose of Rule 651(c) is to ensure that postconviction counsel shapes the defendant's claims into proper legal form and present those claims to the court. *Perkins*, 229 Ill. 2d at 44. Proper presentation of a petitioner's substantive claims necessarily includes attempting to overcome procedural bars, such as timeliness and forfeiture. *Id.* In this matter, postconviction counsel amended the defendant's *pro se* petition twice. A comparison of the *pro se* petition and the second petition demonstrates that postconviction counsel took the allegations contained in the *pro se* petition and placed them in the proper legal form, which included the addition of specific dates, specific locations, and details that were not contained in the *pro se* petition. The second petition also alleged ineffective assistance of appellate counsel, which prevented the procedural bar of forfeiture of the defendant's claims for failing to raise the issues on direct appeal.

¶ 30 The second petition also set forth when, where, and how the defendant had provided his trial counsel with the names and contact information of the two potential witnesses. It then set

11

forth how the witnesses' testimony may have contradicted other witnesses at trial. Specifically, with regard to one witness, the allegation in the second petition stated as follows:

> "[Witness] was called by the State to testify and Petitioner/Defendant contends that had trial counsel interviewed and call as a witness [potential witness][,] she would testify that what [witness] testified to was different from what [witness] told [potential witness], specifically, that Petitioner/Defendant did not do what he was charged with."

¶ 31    The defendant cites to *People v. Patterson*, 2013 IL App (2d) 120359, in support of his argument that the allegations were non-specific or conclusory. At issue in *Patterson*, however, was the allegation in the postconviction petition that trial counsel labored under a conflict of interest during the trial. *Id.* ¶ 10. The *Patterson* court affirmed the dismissal of the defendant's postconviction petition at the second stage, finding that the defendant had failed to allege any specific defects in trial counsel's performance and had not provided affidavits or citations to the record showing specific instances of defective performance. *Id.* ¶ 20.

¶ 32    Here, however, postconviction counsel identified specific witnesses, gave detailed information regarding when trial counsel was informed of the witnesses, and stated how the witnesses' testimony may have contradicted other witnesses at trial. Further, attached to the second petition was a copy of a portion of the defendant's preliminary hearing, the affidavit of the defendant, and a copy of a portion of the trial transcript in support of the allegations. Therefore, we do not find that the allegations within the second petition were non-specific or conclusory such that postconviction counsel rendered unreasonable assistance in amending the *pro se* petition.

¶ 33    The defendant also argues that, although the second petition was attached to the affidavit of the defendant, postconviction counsel rendered unreasonable assistance of counsel by failing to obtain and attach the affidavits of the two witnesses. In *People v. Johnson*, 154 Ill. 2d 227, 241

12

(1993), our supreme court has stated that "a trial court ruling upon a motion to dismiss a post-conviction petition which is not supported by affidavits or other documents may reasonably presume that post-conviction counsel made a concerted effort to obtain affidavits in support of the post-conviction claims, but was unable to do so," unless this presumption is contradicted by the record. In this matter, the defendant fails to cite to any portion of the record that would contradict the presumption that postconviction counsel made a concrete effort to obtain the affidavits of the two witnesses but was unable to do so. Since the defendant fails to refute the presumption, we cannot find that postconviction rendered unreasonable assistance of counsel in failing to obtain and attach the affidavits of the two potential witnesses.

¶ 34 Next, the defendant argues that postconviction counsel rendered unreasonable assistance of counsel when he failed to amend the second petition to assert that the untimely filing of the petition was not due to the defendant's culpable negligence. This argument is without merit. The record demonstrates that the defendant's second petition was not dismissed as untimely. Although the trial court heard arguments from the parties regarding the timeliness of the defendant's petition, the trial court made no findings, either orally or in writing, that it had found the defendant's petition to be untimely. Because the trial court made no finding regarding the timing of the defendant's petition, we find no deficiency or unreasonableness in postconviction counsel's representation on this issue. See *People v. Cotto*, 2016 IL 119006, ¶¶ 50-51 (finding no deficiency in postconviction counsel's representation where the trial court had not dismissed the petition as untimely).

¶ 35 Finally, the defendant argues that postconviction counsel rendered unreasonable assistance of counsel by failing to plead and argue prejudice as required under the second prong of *Strickland* concerning the claims of ineffective assistance of trial counsel. Although the defendant argues that

13

postconviction counsel failed to plead prejudice, our review of the second petition demonstrates that it contained the following allegation within the ineffective assistance of trial counsel claim:

> "The acts/or omissions of counsel prejudiced the Petitioner/Defendant and failed to rise to the level of reasonableness as required by *Strickland v. Washington*, 46[6] U.S. 668 (1984)."

¶ 36 Further, at the hearing on the State's motion to dismiss, postconviction counsel argued that trial counsel's failure to meet with the defendant and discuss the pending criminal charges, including the discovery tendered by the State, resulted in the defendant never having an opportunity to view the State's case against him and prohibited the defendant an opportunity to provide trial counsel with an alibi and/or participation in his defense. As such, postconviction counsel argued as follows:

> "Judge, I think—I think there was prejudice to [the defendant] and I believe the outcome of his trial would have been different had trial counsel met with him and conducted even a minimal investigation based on a review with [the defendant] of the case against him."

¶ 37 The defendant does not state what additional prejudicial factor postconviction counsel should have pleaded or argued. Postconviction counsel included an allegation of prejudice within the second petition and argued that the significance of trial counsel's omissions resulted in prejudice since the outcome of the trial may have been different had the defendant been given an opportunity to participate in his defense. Therefore, we do not find that postconviction counsel rendered unreasonable assistance of counsel.

¶ 38 Based on the above, we find that the defendant has not overcome the presumption that postconviction counsel rendered reasonable assistance of counsel. Postconviction counsel

14

amended the defendant's *pro se* petition to the proper legal form to present it to the court and to protect the defendant's claims from procedural bars. Further, we can find no deficiency in postconviction counsel's representation where the trial court did not dismiss the second petition as untimely. We therefore find that postconviction counsel rendered reasonable assistance of counsel and affirm the judgment of the trial court.

¶ 39                                     III. CONCLUSION

¶ 40     For the foregoing reasons, we affirm the judgment of the trial court of Vermilion County dismissing the defendant's second petition for postconviction relief.

¶ 41     Affirmed.