NOTICE
Decision filed 07/24/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 220695-U

NO. 5-22-0695

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 09-CF-2987 |
| | ) | |
| JAVEON D. HAWKINS, | ) | Honorable |
| | ) | Sarah D. Smith, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Justices Welch and Boie concurred in the judgment.

**ORDER**

¶ 1    *Held*:    We vacate the judgment of the circuit court dismissing defendant's postconviction petition where postconviction counsel provided unreasonable assistance of counsel and failed to comply with the requirements of Rule 651(c).

¶ 2    On August 14, 2014, defendant, Javeon D. Hawkins, filed a *pro se* "Petition to Vacate and Void," which the circuit court characterized as a postconviction petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2014)). Following the withdrawal of defendant's first postconviction counsel, and death of his second postconviction counsel, the court appointed a special defender to serve as defendant's third postconviction counsel. Counsel filed a motion to adopt all amended postconviction petitions previously filed by the prior two attorneys, and the State filed a motion to dismiss defendant's petition. On February 20, 2020, the court conducted a second stage evidentiary hearing on the petitions and took the matter under

1

advisement. On June 30, 2022, the court granted the State's motion to dismiss. Defendant filed a motion to reconsider, which the court denied on October 5, 2022. Defendant now appeals, arguing that postconviction counsel provided unreasonable assistance of counsel and violated Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), where counsel failed to amend and support defendant's *pro se* postconviction claims. For the following reasons, we vacate the judgment of the court.

¶ 3                                    I. BACKGROUND

¶ 4      At a January 13, 2012, hearing, defendant pleaded guilty to one count of first degree murder with the use of a firearm knowingly creating a strong probability of death or great bodily injury (720 ILCS 5/9-1(a)(2) (West 2012)).[1] The State presented a factual basis indicating the evidence would show that on December 10, 2009, the victim, Stephen Nemsky, arranged to purchase cannabis from Vincent Blue, defendant's codefendant. Unbeknownst to the victim, defendant and Blue planned to rob the victim instead of making the sale. At 10:30 p.m., defendant and Blue approached the victim's car. One of the defendants was armed with a revolver. The victim rolled down his window and a physical fight ensued. The revolver discharged during the struggle, striking the victim in the neck and killing him. At the time of the offense, defendant was 16 years old. The State initially charged defendant with two counts of first degree murder (counts I and II) and two counts of armed robbery (counts III and IV). In exchange for his plea to count II, the State dismissed the other three charges, and the parties asked the circuit court to sentence defendant to 35 years in the Illinois Department of Corrections, reflecting the statutory minimum of 20 years for first degree murder with a 15-year enhancement for the use of a firearm. Defense counsel

---

[1]At the plea hearing, the State clarified that it was essentially charging defendant under the theory of accountability (*People v. Fernandez*, 2014 IL 115527, ¶ 13) because in their interviews the defendants "both basically indicated that the other person was the one that shot the weapon" and therefore the State argued that "each is accountable for the conduct of the other."

waived presentence investigation, stipulated to any criminal history, and asked to proceed directly to sentencing. The court admonished defendant, accepted his plea as voluntary, and sentenced defendant to the recommended 35 years.

¶ 5    On August 14, 2014, defendant filed a *pro se* "Petition to Vacate and Void," which the circuit court characterized as a postconviction petition under the Act. On February 2, 2015, the court appointed defendant's plea counsel to serve as his postconviction counsel. However, on February 17, 2015, the court granted counsel's request to withdraw after informing the court of communication difficulties and defendant's desire for new appointed counsel. The court appointed a special defender to serve as defendant's second postconviction counsel.

¶ 6    For roughly two years, defendant continued to raise claims concerning his case through various *pro se* motions, petitions, letters, and notices filed with the court, including that defendant's 35-year sentence amounted to "a huge disparity in comparison to co-defendant's 20[-]year sentence." Defendant attached a newspaper clipping with an article discussing his and Blue's respective sentences. The circuit court took no action on defendant's *pro se* filings.

¶ 7    On September 16, 2016, second postconviction counsel filed an amended postconviction petition that incorporated and adopted defendant's claims made in the *pro se* petition. The amended postconviction petition also asserted that defendant did not knowingly enter his plea, because defendant was unaware of the 15-year firearm enhancement, and plea counsel provided "no real legal services" to defendant.

¶ 8    On October 26, 2016, second postconviction counsel filed a "2nd Amended Post Conviction Petition" that incorporated and adopted the claims in the *pro se* petition and first amended petition. This second amended postconviction petition further asserted that defendant had

a statutory right to withdraw or amend his plea because the circuit court failed to consider defendant's youth or potential for rehabilitation.

¶ 9    On June 27, 2017, second postconviction counsel filed a "3rd Amended Post Conviction Petition" that incorporated and adopted the claims in the *pro se* petition and previous two amended postconviction petitions. This third amended postconviction petition further asserted that defendant's sentence violated the eighth amendment of the United States Constitution and the proportionate penalties clause of the Illinois State Constitution because the circuit court did not consider defendant's diminished culpability as a juvenile and his "heightened capacity for change." On June 29, 2017, the State filed a motion to dismiss defendant's third postconviction petition.

¶ 10    On September 11, 2017, following the death of defendant's second postconviction counsel, the circuit court appointed a third special defender to serve as defendant's third postconviction counsel.

¶ 11    On February 20, 2020, third postconviction counsel filed a motion to adopt all previously filed amended postconviction petitions. The motion contained no new or amended claims. Also on February 20, 2020, the circuit court held a hearing on the State's motion to dismiss defendant's postconviction petition. The State argued that defendant's plea and sentence were fully negotiated, voluntary, and properly imposed. Third postconviction counsel argued that plea counsel was ineffective because he had limited contact with defendant, failed to advise defendant of the firearm enhancement, and did not make further inquiry into defendant's understanding of the plea due to psychotropic medication defendant took at the time. The circuit court took the matter under advisement and allowed third postconviction counsel to file a Rule 651(c) certificate and any case law she wished the court to consider.

4

¶ 12    On February 25, 2020, third postconviction counsel filed her Rule 651(c) certificate and supplemented the record with three cases that defendant wished the court to consider: *In re Timothy P.*, 903 N.E.2d 28; *People v. Buffer* 2019 IL 122327; and *People v. Parker*, 2019 IL App (1st) 171177-U. However, counsel submitted the incorrect *People v. Parker*. Defendant wanted counsel to submit *People v. Parker*, 2019 IL App (5th) 150192, which is related to the impact of *Buffer* on defendant's case. The *Parker* case that counsel submitted is an unpublished case concerning claims of actual innocence based on newly discovered evidence in a successive postconviction petition.

¶ 13    On May 6, 2021, defendant filed a *pro se* motion requesting new postconviction counsel due to an alleged lack of communication with current counsel. On May 16, 2022, defendant again asked for new counsel and alleged that third postconviction counsel was ineffective because of the lack of communication and the filing of the incorrect *Parker*. On June 9, 2022, third postconviction counsel again supplemented the record with another case, *People v. Brown*, 2021 IL App (1st) 160060-U.

¶ 14    On June 30, 2022, the circuit court granted the State's motion to dismiss defendant's postconviction petition. The court noted that it imposed defendant's sentence following a fully negotiated plea agreement, where defendant was represented by counsel and fully admonished by the court. The court also held that defendant's juvenile sentence was not a *de facto* life sentence.

¶ 15    Defendant filed a timely motion to reconsider, arguing that third postconviction counsel provided unreasonable assistance of counsel by failing to amend his *pro se* postconviction petition. He also argued that the circuit court's 35-year sentence was void because he entered a guilty plea "under the threat of an unconstitutional sentence."

5

¶ 16    On October 5, 2022, the circuit court denied defendant's motion to reconsider. Defendant timely appealed.

¶ 17                                   II. ANALYSIS

¶ 18    We do not reach the merits of defendant's postconviction claims. Instead, the only issue we consider is whether defendant's postconviction counsel rendered unreasonable assistance of counsel and violated Rule 651(c) by failing to amend the postconviction petition. *People v. Addison*, 2023 IL 127119, ¶ 41.

¶ 19    The Act (725 ILCS 5/122-1 *et seq.* (West 2020)) provides a remedy to a criminal defendant whose federal or state constitutional rights were substantially violated in his or her original trial or sentencing hearing. *People v. Pitsonbarger*, 205 Ill. 2d 444, 455 (2002). The Act provides a three-stage process for the adjudication of postconviction petitions. *People v. English*, 2013 IL 112890, ¶ 23. At the first stage, the circuit court independently assesses the defendant's petition, and if the court determines that the petition is "frivolous" or "patently without merit," the court can summarily dismiss it. 725 ILCS 5/122-2.1(a)(2) (West 2020); *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). To survive the first stage, "a petition need only present the gist of a constitutional claim." *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996).

¶ 20    If a petition is not dismissed at the first stage, it advances to the second stage where an indigent petitioner can obtain appointed counsel and the State can move to dismiss it. 725 ILCS 5/122-2.1(b), 122-4, 122-5 (West 2020); *Edwards*, 197 Ill. 2d at 245-46. At the second stage, if the defendant makes a substantial showing of a constitutional violation, the petition advances to the third stage where the circuit court conducts an evidentiary hearing on the merits. 725 ILCS 5/122-6 (West 2020); *Edwards*, 197 Ill. 2d at 246.

¶ 21 The right to counsel in postconviction proceedings is a " 'legislative grace' " and is derived from statute rather than the Constitution. *Addison*, 2023 IL 127119, ¶ 19 (quoting *People v. Porter*, 122 Ill. 2d 64, 73 (1988); *People v. Owens*, 139 Ill. 2d 351, 364 (1990)). Thus, postconviction petitioners are guaranteed only the level of assistance which the statute provides. *Owens*, 139 Ill. 2d at 364. That level of assistance has been defined by the Illinois Supreme Court to mean a "reasonable" level of assistance. *People v. Flores*, 153 Ill. 2d 264, 276 (1992).

¶ 22 One aspect of "reasonable" assistance at the second stage is compliance with Illinois Supreme Court Rule 651(c). See *People v. Carter*, 223 Ill. App. 3d 957, 961 (1992). Rule 651(c) requires a showing that postconviction counsel has consulted with the defendant to ascertain contentions of deprivation of constitutional rights, has examined the record of proceedings, and has amended the *pro se* petition, if necessary. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). The rule provides:

> "The record filed in that court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." *Id.*

The filing of the Rule 651(c) certificate creates a presumption that defendant received proper representation, but the presumption can be rebutted by the record. *People v. Russell*, 2016 IL App (3d) 140386, ¶ 10 (citing *People v. Marshall*, Ill. App. 3d 670, 680 (2007)).

¶ 23 One requirement of Rule 651(c) is that postconviction counsel amend, if necessary, the defendant's *pro se* petition. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). There is no requirement that

postconviction counsel amend a *pro se* postconviction petition. *People v. Spreitzer*, 143 Ill. 2d 210, 221 (1991). Nevertheless, Rule 651(c) does require that postconviction counsel make "any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017); see also *People v. Johnson*, 154 Ill. 2d 227, 238 (1993) (statute contemplates that postconviction counsel will shape complaints into "appropriate legal form"). We review *de novo* the question of whether postconviction counsel complied with Rule 651(c) (*People v. Profit*, 2012 IL App (1st) 101307, ¶ 17) and whether a defendant received a reasonable level of assistance in postconviction proceedings (*People v. Watson*, 2022 IL App (5th) 190427, ¶ 41).

¶ 24    Defendant contends the record shows postconviction counsel provided unreasonable assistance and failed to comply with Rule 651(c) when counsel did not present defendant's contentions in proper legal form by amending his postconviction petition. Specifically, defendant argues improper presentation of his claim that the circuit court's sentence was disproportionate in comparison to his codefendant's sentence where none of the three postconviction attorneys amended that claim with additional support. In support, defendant argues that the "documentary evidence was clearly available had counsel made even the most casual effort to obtain it." See, *e.g.*, *People v. Williams*, 186 Ill. 2d 55, 61 (1999); *People v. Rials*, 345 Ill. App. 3d 636, 642 (2003); *People v. Vasquez*, 356 Ill. App. 3d 420, 425 (2005).

¶ 25    Defendant also points to third postconviction counsel's submission of the incorrect *People v. Parker*, 2019 IL App (1st) 171177-U, as further evidence that he received unreasonable assistance of counsel. At the February 20, 2020, hearing on the State's motion to dismiss, third postconviction counsel argued that defendant's sentence violated the eighth amendment to the United States Constitution and the proportionate penalties clause of the Illinois State Constitution.

8

Defense counsel cited *Miller v. Alabama*, 567 U.S. 460 (2012), to support her argument; however, defendant argues that this argument is "entirely precluded" by *Buffer*, 2019 IL 122327, ¶ 41, which held that a sentence of 40 years or less imposed on juveniles is not a *de facto* life sentence in violation of the eighth amendment. As such, defendant contends that counsel's argument was not "well grounded in fact" or "warranted by existing law," thus, counsel had an "ethical duty to amend the post-conviction petition." Ill. S. Ct. R. 137(a) (eff. Jan. 1, 2018); *People v. Greer*, 212 Ill. 2d 192, 205 (2004). The case that defendant wanted counsel to submit to the court (*Parker*, 2019 IL App (5th) 150192) discussed the impact *Buffer* has on claims of *de facto* life sentences. However, counsel submitted *Parker*, 2019 IL App (1st) 171177-U, which concerns claims of actual innocence, thus, "totally unrelated to *any* of the issues raised by [defendant] in *any* of his *pro se* or amended petitions." (Emphases in original.) Defendant contends that these actions by postconviction counsel constituted unreasonable assistance of counsel and should result in remand to allow defendant to receive reasonable assistance of counsel.

¶ 26    The State contends that postconviction counsel substantially complied with Rule 651(c), provided counsel is not required to amend every contention in a *pro se* postconviction petition, defendant was not prejudiced, his disparate sentence argument was properly presented and considered by the circuit court, and that defendant enjoyed the benefit of a fully negotiated plea and therefore the claim is "blocked by contract principles." Defendant replies that the State misstates the law and incorrectly argues on the merits of the postconviction contentions. Specifically, defendant argues that defendant is not required to show prejudice, where counsel failed to comply with Rule 651(c) and the record rebuts the presumption of compliance. As such, defendant contends that we need not discuss the merits of his claims. We agree with defendant.

¶ 27    Here, the record rebuts the presumption that counsel provided reasonable assistance of

counsel and complied with Rule 651(c). First, regarding defendant's disparate sentence claim, defendant's three postconviction attorneys did not amend or provide additional support to defendant's *pro se* petition over the course of nearly six years. Rather, defendant's attorneys merely adopted and incorporated defendant's argument, even though the only support in the record included the newspaper clipping discussing defendant's and Blue's sentences. If counsel thought the argument merited incorporation and adoption into the amended petition, then counsel should have made a reasonable inquiry that resulted in amending the disparate sentence argument with additional supporting evidence or case law, thus, presenting the contention in "appropriate legal form." *Johnson*, 154 Il. 2d at 238. Instead, the circuit court had only the newspaper clipping to consider as supporting evidence of the disparate sentence claim. If postconviction counsel believed the claim lacked merit, she should have omitted rather than adopting the claim, or withdrawn altogether. *Greer*, 212 Ill. 2d at 205. At the hearing on the State's motion to dismiss, third postconviction counsel did not make arguments to the court concerning this particular contention. Counsel neither amended the disparate sentence claim with additional argument nor presented it at the hearing. The adopted and incorporated claim originating from the *pro se* petition—supported only by a newspaper clipping—could hardly be "appropriate legal form" for the argument, such that the court could properly consider it.

¶ 28    Second, counsel provided unreasonable assistance of counsel, where postconviction counsel supplemented the record with *Buffer* (holding that a sentence of 40 years or less imposed on juveniles is not a *de facto* life sentence in violation of the eighth amendment), a case injurious to the argument made at the hearing concerning *de facto* life sentences, without requesting to amend the postconviction petition to reflect this reality. The record rebuts the Rule 651(c) presumption that counsel consulted with defendant or adequately presented defendant's arguments

10

by amending the petition, where counsel incorrectly submitted *Parker*, 2019 IL App (1st) 171177-U, instead of *Parker*, 2019 IL App (5th) 150192. This supplement to the record provided a case wholly unrelated to defendant's claims and cannot constitute reasonable assistance, especially where counsel did not correct this mistake. Therefore, we find that postconviction counsel failed to comply with Rule 651(c) and rendered unreasonable assistance of counsel.

¶ 29    When appointed postconviction counsel does not adequately fulfill his or her duties under Rule 651(c), remand is required and new counsel is appointed. *Addison*, 2023 IL 127119, ¶ 42. Defendant must be given an opportunity to replead his postconviction petition with the benefit of reasonable assistance of counsel. *People v. Turner*, 187 Ill. 2d 406, 417 (1999). Again, we express no opinion on the merits of defendant's postconviction claims. Upon remand, the circuit court will have an opportunity to evaluate the merits of defendant's postconviction petition once defendant's new postconviction counsel has made any amendments to the petition that are necessary for an adequate presentation of his contentions.

¶ 30                                III. CONCLUSION

¶ 31    For the foregoing reasons, we vacate the Madison County circuit court's order of June 30, 2022, granting the State's motion to dismiss defendant's petition for postconviction relief and remand for further proceedings consistent with this decision.


¶ 32    Vacated; cause remanded.